## TURNER *v.* STATE.

[83 South. 404, In Banc. No. 20977.]

1. CRIMINAL LAW. *Necessity of stating defense in application to withdraw plea of guilty.*

Where, in a criminal case, a plea of guilty is entered and is afterward sought to be set aside, the applicant should at least state the substance of his defense, so that the court may judge of the merits.

2. CRIMINAL LAW. *Trial court's statement accepted as true on appeal, as against ex parte affidavits.*

The trial judge's statement on appeal must be accepted as true as against a mere *ex parte* affidavit, especially where the statements made by the judge are not directly contradicted.

3. CRIMINAL LAW. *Refusal to permit withdrawal of plea of guilty sustained.*

Where in a criminal case a defendant entered a plea of guilty and afterwards sought to withdraw such plea stating in his application to withdraw that the plea of guilty was made through ignorance, but did not set forth the facts alleged to constitute a defense, and the trial court stated in the record that accused had made a full statement regarding the offense charged when the plea of guilty was entered which statement of facts was no defense. In such case there was no abuse of discretion in denying the application.

APPEAL from the circuit court of Simpson county.
HON. H. H. HUGHES, Judge.

George Turner's motion to withdraw a plea of guilty
to assault with intent to kill and enter a plea of not
guilty was denied and he appeals.

The facts are fully stated in the opinion of the court.

*A. M. Edwards* and *J. J. Stubbs,* for appellant.

Section 28 of the constitution of the state of Missis-
sippi reads as follows: "Cruel or unusual punishment
shall not be inflicted nor excessive fines be imposed."
Viewing the two sentences, in the cases against appellant
for the charges preferred, is it not apparent that the
same is manifestly unusual and cruel? Or that the court
was actuated by fear of mob violence and to appease the
hot blood against appellant, that such sentences would
preserve the peace and no effort would be made towards
mob violence. If either be true it is in strict violation
of the Constitution, section just above cited.

12 Cyc. at page 788, we find the following language:
"The court may, during the term, for good cause shown
and in its discretion, set aside a judgment of conviction
entered on a plea of guilty, or on a verdict of convic-
tion; and the power may be exercised by the court
within its discretion even where the accused has partial-
ly served his term of imprisonment."

"When a defendant has pleaded guilty in a criminal
case, the general rule is that it is within the discretion
of the trial court to permit the plea to be withdrawn on
motion." Many authorities are cited under this an-
nouncement of the rule from other states. Our own
state has spoken on this thought more than one time.
In the case of *Mastronada* v. *State,* 60 Miss. 86, this
court adhered to this rule, while in this case the same
was affirmed upon the idea that appellant in that case
did not allege in his supporting affidavit to his motion

that he. was not guilty of the charge laid, but it seems
that if he had so alleged upon his affidavit alone, that
the decision of the court would have been otherwise.

The court's attention is further and especially called
to the case of *Deloach* v. *State,* 77 Miss. 691, 27 So. 618,
in which the court held that it was within the dis-
cretion of the court to permit one to withdraw his plea
of guilty, but that the same was a judicial discretion,
which should always be exercised in favor of innocence
and liberty. In this same case we have the following
language: "That the plea of guilty is often made be-
cause the defendant supposes that he will thereby re-
ceive some favor of the court in the sentence; it is the
English practice not to receive such plea unless it is
persisted in by the defendant after being informed that
such plea will make no alteration in the punishment."
In this same case the court had this further statement,
"all courts should so administer the law and construe
the rules of practice as to secure a hearing upon the
merits if possible." The law favors a trial upon the
merits by a jury, and this is all that appellant has
asked, which have been denied him by the court below.
Will this court grant appellant a trial by a jury, as
favored by the law? Manifestly he is entitled to a trial
by a jury under the authority cited.

The court's attention is further called to the case
of the *State* v. *Calhoun* (Kansas Case), 34 Am. St. Rep.
141. In this case the defendant entered pleas of guilty
to two charges (just as the case at bar), and under a
hearing of error by writ of *coram nobis* the said pleas
of guilty were set aside and the defendant permitted to
go before a jury of his country with his causes of ac-
tion. These pleas of guilty were entered because the
defendant feared mob violence, just as the case at bar
and in that case there was no more evidence of mob
violence than is shown in this case. With the law favor-
ing beyond question a trial on the merits of any criminal

case, will the court deny this defendant this right granted to him by the organic law of the state? The withdrawal of a plea of guilty should not be denied in any criminal prosecution, where it is evident that the ends of justice will be subserved by permitting the substitution of the plea of not guilty. See American and English Annotated Case, Vol. No. 8, from 235 to 240. It being the pronounced policy of our law, that all criminal cases be tried on their merits before a jury and this being all that appellant asks, we respectfully submit that this case should be reversed and the appellant permitted to go before a jury with his cause.

*R. M. Bordeaux,* assistant attorney-general, for the state.

As we understand this record the only question presented for decision on the appeal is; "did the trial judge, in the court below, abuse his judicial discretion in overruling appellant's motion?

The learned trial judge in his order, overruling appellant's motion, states that appellant was given every opportunity to have a fair trial and that he was permitted by the court to make a full and complete statement as to how the shooting occurred, and his own statement in open court showed that he was guilty without a mitigating circumstance.

Counsel for appellant assails the propriety and denies the force and validity of an unsworn and gratutious statement by the circuit judge in making his order.

We submit, however, that if the showing on this motion made on behalf of the state is unsatisfactory, then the showing on this motion made on behalf of the appellant is equally unsatisfactory in this, to wit: the defendant in the court below introduced no evidence whatsoever to sustain his motion, but merely relied on the sworn motion itself.

We think that the appellant should have introduced the evidence to sustain the charges and allegations in

his motion so that the state could thereby be given the opportunity to cross examine appellant, and to rebut and controvert the evidence of the defendant; that is to say, to contest the truth of the statement made in appellant's motion.

The appellant having made the motion, and the motion containing allegations of fact, we think it was incumbent on the appellant to offer evidence to sustain the allegations that he made.

In other words, we think that this record is so deficient that this court cannot say from this record, as presented by the appellant, that there has been an abuse of judicial discretion.

ETHRIDGE, J., delivered the opinion of the court.

George Turner, the appellant, was indicted in the circuit court of Simpson county for an assault with inten to kill and murder one Lawrence Buchanan, and was arrested on said charges and entered a plea of guilty thereto, and was sentenced to serve a term of ten years in the state penitentiary. Subsequent to entering a plea of guilty the appellant filed his motion to be allowed to withdraw his plea of guilty and enter a plea of "Not guilty," and to be allowed to have a trial on the merits, alleging in his petition that he was an ignorant negro and did not know and was not advised of his legal rights at the time he entered the plea of guilty; that he was not guilty of the crime charged in the indictment and on a hearing of this cause on its merits would disclose this fact to the court and jury; that, being ignorant of his legal rights, he was advised, and relied upon the said advice, that it would be best to enter a plea of guilty as charged; that in the shooting a white man of high standing is alleged to have been shot by the defendant, and at the time of entering said plea of guilty defendant was in great fear that if he did

not enter a plea of guilty he would be killed, or that
great bodily harm would be done him; that said plea
of guilty was made at a time when he was in great fear
of mob violence against him, same having been threaten-
ed, and defendant having been placed in jail at Jackson,
Miss., to prevent mob violence, as the defendant be-
lieved and understood; that at the time said bill was
entered defendant was away from both white and color-
ed friends and had no lawyer or white man to advise
him of his legal rights and since he was advised of his
legal rights he began then and there to arrange to pre-
sent this motion to the court to be allowed to have a
hearing on the merits, knowing that he is not guilty of
the charge alleged; that the defendant did not know and
was not advised that the shooting of a human being
was under any circumstances justifiable under the law;
that he did not know that he had a right under the law
to shoot a man for his own self-preservation, and if he
had known that this right was with him under the law
that he would have entered a plea of not guilty; that
defendant sought advice of his rights, but, being incar-
cerated in jail, his opportunity was very limited, and
those to whom he did speak informed him that it took
money to get advice, and, being without money or means
to obtain legal advice, when called upon to answer said
charge, that he did not know at the time he entered the
plea of guilty what said plea meant, but entered
said plea, expecting to be put on trial for the crime
alleged until he was otherwise advised by counsel
whom his friends employed for him; that the application
for a trial on the merits is not made for delay,
nor to experiment with the court, but that justice
may be done; that if defendant's motion is granted
and he is allowed a trial on the merits of the cause, he
will endeavor to make ready for trial during the pres-
ent term of the court, which he believes can be done.
The motion was sworn to by the appellant, but no proof

was offered on the hearing by either the applicant or by the district attorney, but the trial court overruled the motion, and the order overruling the motion embodied the following statement:

"The court having heard the same, it is ordered that said motion be, and the same is hereby, overruled, because at the time the defendant was arraigned and pleaded guilty to said charge he pleads guilty, having opportunity to have a fair trial, and, further, because the defendant was permitted by the court to make a full and complete statement as to how the shooting occurred and his own statement in open court showed he was guilty without a mitigating circumstance,"— to which action of the court the defendant excepts in overruling the motion.

It is contended by the appellant that, inasmuch as the petition was sworn to, and that no counter affidavit was filed by the district attorney, the trial judge abused his discretion in refusing to set aside the plea of guilty and permit a trial on the merits.

It will be noted that the application to set aside the plea of guilty does not state the facts showing a meritorious defense, nor what proof the appellant could introduce to make out a cause of justification; the applicant merely saying that he is not guilty. Where a plea of guilty is entered and is afterwards sought to be set aside, the applicant should at least state the substance of his defense, so that the court may judge of the merits. 17 Am. & Eng. Ency Law, 846. However, we see from the statement of the judge that when the defendant entered a plea of guilty he was permitted to make a statement to the court of the facts, and from such statement made, the judge states there is no mitigating circumstance or moritorious defense. It is argued that the judge's statement at most amounts to mere opinion, and should not be considered as it is claimed

to be uo part of the judgment: In *Gurley v. State,* 101 Miss. 190, 57 So. 565, this court said:

"The supreme court on appeal must accept as true the statement of the trial court of its recollection of the proceedings sought to be reviewed."

This statement may be too broad under a possible case, but it certainly is true that the judge's statements must be accepted as true as against a mere *ex parte* affidavit, especially where the statements made by the judge are not directly contradicted. The circuit judge must be held to be impartial and unprejudiced in the absence of an express showing that he is otherwise. It seems to us that, if the appellant was not satisfied with the correctness of the facts stated in the judgment, he should have tendered a bill of exceptions to the judge, and if the judge refuses to sign the bill of exceptions, it should be presented to and signed by two reputable attorneys, as provided by statute in cases where the judge refuses to sign a bill of exceptions. Where the defendant on entering a plea of guilty states his version of the facts, and if those do not constitute justification or excuse, it would be improper to set aside a plea, unless it clearly appeared that such statements were made under duress or mistake or other cause that would satisfy the trial court that the statement made on entering the plea was untrue. We are unable to say that the trial judge abused his discretion; and reaching this conclusion makes it unnecessary for us to decide now whether or not an appeal would lie from a plea of guilty under the provisions of chapter 151, Laws of 1914, on an application of the kind now before us.

The judgment is affirmed.

*Affirmed.*

HOLDEN, J., dissents.