HUMPHREY *et al. v.* CROROW HARDWOOD CO.

(Division B. March 28, 1932.)

[140 So. 690. No. 29911.]

Hathorn & Williams, of Poplarville, for appellants.

Parker & Shivers, of Poplarville, and **L. L. Tyler,** of Picayune, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellees filed a. motion to strike the stenographer's notes on the following grounds:

"1st. Because no notice was given by the appellants to the stenographer to transcribe and file his notes within ten days from the adjournment of the October, 1927, special term of the chancery court of said county;

"2nd. Because the said stenographer's notes did not become a part of the record by operation of law, or by any agreement of the parties;

"3rd. Because the record shows that the said stenographer's notes, as contained therein, are incorrect and incomplete, and they do not show any of the direct testimony introduced by appellee complained of in the court below, nor any of the exhibits introduced by appellee, nor does it show any of the evidence introduced at the October, 1927 special term of said court when the said final decree was rendered on testimony taken at the February and October terms of court;

"4th. Because said notes do not embody the evidence on which the chancellor heard said case and rendered final decree, but embody only the oral testimony in said cause the exhibits introduced by defendant, appellant here."

Accompanying the motion are affidavits by the counsel for appellee, the official court stenographer, and by the chancellor. The stenographer makes affidavit that the notes, as originally filed, were not a true and correct

copy of the evidence; there being missing pages. Search was made and pages 27 and 28 were added. Page 27 shows the style of the case, the county, the court, and the chancellor, and page 28 reads as follows:

"By Mr. Shivers: It is admitted that E. H. Hoffman, chancery clerk of Hancock county at the time this land is alleged to have been sold, is now dead. It is also admitted that J. F. Cavenue, who was alleged to be sheriff and tax collector of Hancock county, during the years 1888 and 1889, and whose name purports to be signed to the tax deed, is now dead. It is also admitted that Mr. E. E. Deuville is now dead.

"By Mr. Shivers: The complainants first offer in evidence a certified copy of the assessment roll of Hancock county for the year 1887, page 76, showing the assessment of the land in question.

"By Mr. Hathorn: If the court please, we are going to object to this and we anticipate no such evidence to be offered unless the court is satisfied now that the objection should be sustained we would ask the court to reserve a ruling on it until all this evidence is offered and we can take it up together and ask the court's ruling on all of it together, it will be before the court on this reserved ruling.

"By Mr. Shivers: That will be perfectly satisfactory, after all the evidence we have in this case is introduced it will be perfectly satisfactory for the court to pass on it at that time.

"By the court: Alright—let a ruling be reserved."

The chancellor, after the finding and filing of pages 27 and 28, made the following affidavit:

"This day personally came and appeared before me, the undersigned authority in and for said county and state, Judge T. Price Dale, chancellor in and for the tenth chancery court district of the state of Mississippi, who, being by me first duly sworn, says on oath that he was in February, 1927, and in March, 1927, and in Octo-

ber, 1927, and is now the duly elected, qualified and acting chancellor in and for said chancery court district of the state of Mississippi, which includes Pearl River county. That as such chancellor he presided at the trial of the cause styled Crorow Hardwood Co. v. J. F. Humphrey et al., numbered 1876 on the general docket of the chancery court of Pearl River county, Mississippi; that said cause came on to be heard at the regular February, 1927, term of the chancery court of Pearl River county, Mississippi, when, after the introduction of oral and documentary evidence in the case, it was stated by counsel representing complainant that they had received a telegram from New York stating that a party in New York whose name affiant does not now recall, was in possession of the original deed from the tax collector to E. E. Deuville, which deed complainant was seeking by its bill of complaint to have confirmed, and that such original deed would show the true date thereof, which would be different from the date shown by the recorded copy of said deed, and that complainant desired to amend its bill of complaint by setting up therein the date shown by the original deed and have the case held open for the introduction of said deed when it arrived from New York. Whereupon, it was agreed by the attorneys representing both sides that the court should hear all of the oral testimony with reference to the adverse possession issue made by the pleadings in said cause and that after hearing same the the cause would be continued with leave to complainant to amend its bill of complaint with reference to said tax deed, and when such amendment was made and the original of said deed was received a time would be fixed by the court to complete the trial of said cause, and at such time the case would be argued and finally decided by the court in vacation. In accordance with such agreement, all of the evidence on said adverse possession issue was heard and taken down in shorthand by Harris Sullivan, official

court stenographer of the chancery court of Pearl River county, Mississippi, and at the conclusion of the hearing of said testimony, affiant, as chancellor who presided over the hearing of said cause, as aforesaid, requested that the attorneys for both sides have said testimony as noted down by the stenographer in shorthand transcribed to be used by affiant in considering said cause and rendering his decree therein; that said attorneys agreed to and complied with said request, and said notes were transcribed by the stenographer and furnished to me for said purpose and were used by me in rendering my decision in said cause.

Affiant further states that he had examined the original of the transcript of said notes, which now appear in the record in said cause now on file in the supreme court, and that said notes appear to be a true and correct copy of the stenographer's notes so furnished to affiant and used by affiant in reaching his decision in said cause, except that pages 27 and 28 of said notes are missing from said record. Affiant further states that he has examined the copy of said notes on file in the office of the clerk of the chancery court of Pearl River county, which contains pages 27 and 28 of said notes, which appears to be a copy of said notes, as furnished to and used by affiant in reaching his decision in said cause, and which two pages of said notes are attached hereto; that if said pages 27 and 28 were added to the original of said notes, then, apparently, said notes would be complete and a true and correct copy of the stenographer's notes furnished to me in said cause and used by me in considering and deciding the same and would not be different from the evidence on which I tried and decided said cause. Affiant further states that he has no definite method of recalling whether or not all of the record or documentary testimony offered in evidence on the trial of said cause appears in said record except by reference to the stenographer's notes; that by reference to said notes, the

only record or documentary evidence which was offered and does not appear as a part of the record, apparently, are the records and documents referred to at pages 212, 213 and 214 of the record.

"Affiant further states that the said cause was by agreement of the parties submitted for decision on October 29, 1927, and at said time, so far as affiant recalls, no other evidence was offered and introduced except the evidence appearing at pages 219 and 220 of the record, and that the validity of said deed appearing at page 219 of the record was conceded by defendants, and the only issue presented to me for decision and decided by me, as affiant now recalls, was whether or not defendants owned the land described in said deed by adverse possession, and that in deciding said issue I resorted to and used said notes which had, as aforesaid, been transcribed and filed with me at my request and by agreement of the attorneys for both complainant and defendants. Affiant further states that he has examined the supreme court record in said cause and that the same apparently contains all of the evidence, both oral and documentary, submitted to him and considered by him on said adverse possession issue."

The stenographer made a similar affidavit. The chancellor's statement is controlling. Gurley v. State, 101 Miss. 190, 57 So. 565.

It appears that, when the cause came on for trial in February, 1927, there was a tax sale involved showing the sale of lands for the taxes of 1887. The tax deed recorded in the office of the chancery clerk showed that the sale was made in 1889, on a regular day for making tax sales, and one part of the contest was whether the complainant had any title by virtue of said tax deed, and it was contended that the tax sale being shown to have been made at the wrong time, the sale was void.

During the trial, counsel for the complainant, appellee here, received a telegram from New York stating that

the original deed showed the tax sale to have made on a date which was regular for tax sales for the year 1888. On receipt of this telegram, counsel stated that unless counsel for the defendants, appellants here, would agree to amend the bill and give time for the procuring of the original deed, they would take a nonsuit; but if such agreement was made, they would proceed with the taking of oral testimony, and that the cause would be continued with leave to amend the bill of complaint with reference to said tax deed, and when said amendment was made and the original deed received, a time would be fixed by the court to complete the trial of said cause. This was agreed to and oral evidence was thereupon taken at the February, 1927, term of the court. Copies of the evidence so taken were secured by counsel on each side, and the stenographer was paid for making such copies.

The chancellor has shown in his affidavit that the transcript of the notes of evidence, as transcribed by the stenographer, was used by him in forming his opinion and deciding the cause, together with the record evidence, exhibits, etc. This shows what the chancellor had before him, and is, in effect, like using depositions and has like force.

It is shown in the affidavits that there was an effort to get an agreement between the attorneys to waive the giving of notice to the stenographer. Counsel for complainants state that they agreed to waive that, provided an appeal bond was taken within ten days so that the matter could be proceeded with, but otherwise they would not waive the giving of notice. Bond was not filed within such time, and for some months thereafter. When the bond was filed, the stenographer certified to the correctness of the notes used by the chancellor, which notes had previously been furnished to counsel on both sides. It appears that after this was done, some effort was made to locate the missing part of said notes, and

exhibits; but this could not be done, and thereupon the motion was made to strike the notes, and affidavits on the part of the appellee were filed. However, as stated above, the stenographer found the missing notes and transcribed and had them filed with the record.

Certain exhibits are filed with the motion, and in answer thereto, it appears from the chancellor's affidavit and these papers that the record now made is full and complete, if these exhibits are taken in connection therewith.

It will be noted from the chancellor's affidavit that he requested the parties to have the notes transcribed and to submit them to him to be read and studied in deciding the case, and that he actually used them and based his decision thereon, and that the record, with the missing parts, according to his recollection, presented the matters then before him for decision when he decided the cause. The only effect notice would have had would be to recopy what we have here now.

We think the principles announced in Cooper v. Martin (Miss.), 102 So. 851, 852, are applicable here. If, for any reason, any exhibits are not copied in the record, and they were before the chancellor and used by him in reaching his decision, they may be made a part of the record by agreement of counsel, or in case of failure of counsel to so agree, by certificate of the chancellor that they were before him and used by him in considering and deciding the cause.

We will overrule the motion to strike the stenographer's notes, and pass the case until April 26, 1932, and the missing pages of the record above indicated not in the record now may be supplied in the manner suggested within twelve days from the date this decision is rendered.

Overruled.