HEARN *v.* STATE.

Jan. 4, 1954

No. 38823        47 Adv. S. 11        69 So. 2d 223

*Guy M. Walker,* Laurel, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

414

HALL, J.

Appellant was convicted on a charge of permitting gambling in a roadhouse known as Pacana Club, operated by him in Jones County. The indictment was drawn under Section 2195, Code of 1942, which makes it a misdemeanor for the owner, lessee, or occupant of any outhouse or other building to knowingly permit gambling to be carried on in such house or building, and originally charged that appellant was the owner of said club. On motion of the county attorney the court entered an order amending the indictment so as to eliminate the word "owner" from the indictment and substitute therefor the word "occupant." Two alleged errors are argued on this appeal.

1. It is first contended that the trial court erred in overruling a motion for continuance of the case. The motion was not sworn to and merely stated that defendant had employed a named attorney to represent him and that this attorney was absent attending federal court and could not be present to represent him during that term of court. The trial judge dictated into the record a statement to the effect that on the first day of court the docket was sounded and the case was called and neither the defendant nor any counsel appeared for him; that the case was then set for the first Thursday of court; that on Wednesday the named attorney appeared and requested and was granted a continuance in another case because he had to attend federal court and could not be present; that the attorney was then asked if he represented Charles C. Hearn and he replied that he didn't think so; that nothing further was said to the court until the time for trial on Thursday; that defendant

has had ample time to obtain counsel and prepare his case. On this statement the motion was overruled. However, the court passed the case until Thursday afternoon in order to give the defendant time to locate his attorney or to employ other counsel. The case went to trial that afternoon and at the conclusion of the evidence for the State appellant orally requested a continuance and the court overruled the request and reiterated the facts above stated. After conviction there was no motion for a new trial nor was any evidence offered in support of the motion before the trial.

We have repeatedly held that when the trial court puts into the record his recollection of what transpired at the trial we are bound to accept it, and especially is this true when the trial court's statement is in no manner controverted. Gurley v. State, 101 Miss. 190, 57 So. 565; Humphrey v. Crorow Hardwood Co., 163 Miss. 490, 140 So. 690; Turner v. State, 121 Miss. 68, 83 So. 404; National Box Co. v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 95 A. L. R. 1500. Furthermore, by Section 1520, Code of 1942, the denial of a continuance is no ground for reversal unless the Supreme Court is satisfied that injustice resulted therefrom, and in numerous cases we have held that the granting or denial of a continuance is largely within the discretion of the trial court and that we will not reverse a case for denial of a continuance unless that discretion has been abused. Newell v. State, 209 Miss. 653, 48 So. 2d 332; Roberson v. Quave, 211 Miss. 398, 51 So. 2d 62. In this case there is nothing to show that the trial court abused its discretion or that injustice resulted from its refusal to grant a continuance.

2. It is contended, finally, that the trial court erred in allowing the amendment to the indictment and in failing to attach to the indictment the order authorizing the amendment. As heretofore stated, the only amendment requested or allowed was to change the word

"owner" to "occupant" so as to show that appellant was the occupant of the Pacana Club instead of the owner. The amendment was authorized by Section 2532, Code of 1942. There was no change in the offense charged. See Osser v. State, 165 Miss. 680, 145 So. 754. After the order was entered on the minutes authorizing the change, the indictment was amended on its face so as to charge that appellant was the occupant instead of owner of the Pacana Club. But appellant argues that under Section 2533, Code of 1942, the order allowing the amendment should not only be entered on the minutes of the court but that a copy of such order should be attached to the indictment. That section provides that the order of the court for such amendment shall be entered on the minutes and shall specify precisely the amendment; that part of the section was complied with; the section further provides "and whenever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment." It will be noted that the statute does not require that a copy of the order shall be attached to the indictment unless it is necessary or proper for the guidance of the jury. We are wholly unable to see wherein it was necessary or proper for the guidance of the jury that a copy of the order be attached to the indictment. Only one word was changed in the face of the indictment. That change clearly showed the exact nature of the offense for which appellant was being tried and so did the State's principal instruction. The jury had the proper guide before it without a copy of the order allowing the amendment. The judgment of the lower court is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Lotterhos, JJ.,* concur.