SCOTT *v.* STATE.

No. 39315          November 8, 1954          75 So. 2d 466

*H. T. Carter,* Columbus, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

178

HALL, J.

Appellant was convicted of armed robbery and sentenced to a term of twenty-five years in the penitentiary, from which he appeals. The evidence is undisputed that appellant, in company of Ernest Rose, Robert Smith Ballew and Bill Pegram, went to a beer "joint" about one o'clock in the morning of June 2, 1953. The place had closed for the night and was in charge of a Negro by the name of Andy Rimmer who was left on

duty by the owner to guard the place and he slept on a cot in a room of the building. Andy was awakened and went to the door, and two of the party forced their way inside at the point of a gun while two remained on the outside. Those on the inside bound Andy with adhesive tape placed around his legs and over his mouth and eyes. A truck was then backed up to the door and all four of the parties removed from the place of business about 295 cases of beer and loaded them on the truck. They also took approximately $30 from the cash drawer which belonged to the owner of the place, and also took a pistol which belonged to Andy, and made their escape. They were later apprehended and appellant was charged on June 19, 1953, by affidavit in a justice of the peace court with the crime of armed robbery, and on July 13, 1953, appellant made bond to await the action of the grand jury of Clay County. At the next term of court which convened in December, he was indicted, and on December 18, his case was set for trial on December 21. His counsel filed an application for continuance and was notified by the district attorney that the same would be heard on December 18, but appellant's attorney did not appear. A hearing was had and the application was overruled. On December 21, appellant's attorney appeared and objected to any further proceedings in the case because the application had been heard in his absence. Appellant, however, was present at the hearing on December 18. The circuit judge granted a rehearing on the application and overruled the same.

Appellant first contends that he was denied the constitutional right to a fair trial because he was not allowed sufficient time in which to prepare his case for trial, and he argues that it was reversible error to put him to trial so soon after the returning of the indictment. We find no merit whatsoever in this contention. The appellant knew on June 19 that he was charged with the identical crime on which he was indicted. He

employed the same counsel who represented him in the circuit court, and that attorney was representing him when he was granted bail on July 13. Thus it is seen that appellant, who was at large on bond from and after July 13, as well as his attorney, had a period of nearly five months in which to prepare for trial. We discussed at length numerous authorities on this proposition in the case of Newell v. State, 209 Miss. 653, 48 So. 2d 332, and cited numerous Mississippi cases to the effect that there was no abuse of discretion by the trial court in putting the appellant in that case to trial within a much shorter period of time than that in which appellant in the case at bar was allowed.

▇▇▇ Appellant also contends that the circuit judge denied him his constitutional right when he heard the motion for continuance in the absence of appellant's attorney, and that thereafter everything done by the circuit judge was a nullity. We agree that the motion should not have been heard in the absence of appellant's attorney, but we think the error, if any, was cured when the circuit judge granted a rehearing on the motion.

▇▇▇ Appellant contends lastly that his conviction is a nullity because the circuit judge failed to sign the minutes at the regular December term and failed also to sign the minutes containing an order which extended the December term of court. Appellant was tried on December 21 and December 22, and there appears in the record an order reciting the jury verdict of conviction and this order is duly signed by the circuit judge. The regular term of court expired on December 26. On December 23 an order was entered upon the minutes of the court extending the term beyond the time fixed by law. It was during the extended term that appellant was sentenced. Appellant contends, and offered proof to the effect, that none of the minutes of the court were signed after December 21 until during the first week of the extension of the term. If this be true the proceedings were a nullity, but the showing made by appellant

as to when the minutes were signed was very weak, and the circuit judge stated categorically into the record that on the morning of December 23 he checked the minutes and entered thereon an order extending the term and signed all of the minutes up to and including December 23, at which time the regular term was still in session, and then recessed over until the first of the following week. ■■ We are bound by the circuit judge's statement. Hearn v. State, 69 So. 2d 223, not yet reported in the State Reports; Gurley v. State, 101 Miss. 190, 57 So. 565; Humphrey v. Crorow Hardwood Co., 163 Miss. 490, 140 So. 690; Turner v. State, 121 Miss. 68, 83 So. 404; National Box Company v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 95 A. L. R. 1500. The judgment appealed from will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.