## RUCKER *v.* STATE

No. 41959          November 20, 1961          134 So. 2d 440

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

William David Rucker and C. D. Pieper were indicted in the Circuit Court of Forrest County at the November 1960 Term, charging that they had stolen four 1957 Cadillac metal hub caps. This indictment was filed on December 1. On December 2, 1960, both defendants were arraigned and Rucker without legal counsel entered a plea of guilty, after a severance had been granted. The sentence was deferred until January 1961. The case against Pieper was set for trial the second Monday of January, 1961. On January 13, 1961, appellant filed a motion to change his plea from guilty to not guilty, giving the reasons for said motion that he was without legal counsel, depending upon his father to employ counsel; and the further reason that he was not guilty. At a later day of the term sentence was imposed against the defendant for a term of five years in the state penitentiary.

The motion to set aside the plea of guilty was made about a month and a half after the plea of guilty was entered. There was no testimony given on this motion to the effect that the defendant was not guilty and why he was not guilty, except in the trial of the case the defendant emphatically told the court that he had entered a plea of guilty and that he was not represented by counsel. He also stated that he was not guilty, but he gave no testimony as to why he was not guilty. He admitted telling the district attorney that he participated in the taking, but what he told him could well be a lie; that he told the district attorney a story, and whether or not it was true he would not say. He also stated "I did tell you a story. I could have told you a lie, I

believe I may have said something like that.'' The court had no evidence before it to base any reason for setting aside the plea of guilty.

In passing on the motion the judge stated in the record that before arraignment he asked the defendant how he pled to the indictment and if he had an attorney, and defendant advised the court that he did not have an attorney, that he wished to plead guilty. The judge inquired then if he knew what he was pleading to, and he advised the court that he did; which was the reason the court accepted his plea of guilty at that time.

The motion to change his plea was denied by the court. It is from that order of denial that this appeal is prosecuted.

██ █ It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty, and before refusal can be reversible error, an abuse of discretion must be shown. ██ █ It is incumbent upon the court to inquire into the matter and determine the circumstances surrounding the guilty plea, as to whether it was freely and voluntarily entered, and whether any reasonable ground was offered.

In Edwards v. State, 209 Miss. 325, 46 So. 2d 790, it was held that the motion did not allege any facts upon which innocence could be assumed or legal defense could be predicated. In other words, more should be stated in the motion than that he is not guilty. This rule is followed in Turner v. State, 121 Miss. 68, 83 So. 404; Fortenberry v. State, 147 Miss. 91, 113 So. 193. This rule is also followed in Miles v. Monaghan, Sheriff, 211 Miss. 150, 51 So. 2d 212, where it was said: ''Appellant contends that the lower court erred in overruling his motion for leave to withdraw his plea of guilty entered three years previously. He testified in his own behalf and made no showing whatever that he was innocent of the charge to which he had entered the plea of guilty. A showing of innocence was necessary. Edwards v. State,

46 So. 2d 790, not yet reported in the State Reports, and authorities therein cited. There was no contention that he had been misled into pleading guilty; this was essential under the case here presented. Fortenberry v. State, 147 Miss. 91, 113 So. 913. * * * Trial judges are vested with a wide discretion in passing upon such motions and the overruling thereof will not constitute reversible error unless it appears that the discretion has been abused. McDonald v. State, 151 Miss. 566, 118 So. 628. There was certainly no abuse of discretion in this case, and the contention is wholly without merit.'' Cf. Stafford v. State, (Miss.) 55 So. 2d 477.

We feel that the judge was fully justified in overruling the motion to set aside the plea of guilty. It was wholly within his discretionary powers. The case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Ethridge,* and *Rodgers, JJ.,* concur.