COOPER *v.* STATE

No. 42202          May 28, 1962          141 So. 2d 735

*John R. Poole,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

This is an appeal from a motion to set aside a plea of guilty. The appellant, Bonnie Ray Cooper, was indicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for burglary of the Kroger Company, Inc. in the City of Jackson. He employed attorneys to represent him. When this case was ready for trial, he entered a plea of guilty. Motion to change this plea was later filed. Hearing was had thereon, and the motion was denied by the court.

The sole question involved in this appeal is whether or not the trial court abused its discretion in refusing to allow the change of the plea. Before refusal can be reversible error, an abuse of discretion must be shown, whether it was freely and voluntarily entered, and whether any reasonable grounds were offered on behalf of appellant. A full hearing was had on the motion to change the plea. One of the attorneys for appellant testified that the plea of guilty was freely and voluntarily entered. He testified that on the morning of the trial of the case that the appellant came to him and voluntarily told him that he was willing to enter a plea of guilty.

The learned trial judge in passing on this motion stated: "On the day that the case was finally set, to wit, on May 11th, and on the morning of that day the Defendant, Bonnie Ray Cooper, together with his attorney, Mr. Stockdale, appeared in open Court and also the District Attorney, and stated that he, Bonnie Ray Cooper, desired to withdraw his plea of not guilty and enter a plea of guilty * * * Before accepting the plea of guilty from Cooper the Court remembers very clearly that he asked Cooper if he knew exactly what he was

doing, if he understood what he was doing and if it was his desire to plead guilty * * * To this inquiry Bonnie Ray Cooper said he did so understand and he did plead guilty. Bonnie Ray Cooper is not an ignorant person but, on the other hand, he is an intelligent person. In fact, he is a man of experience. The Court was impressed with his intelligence by his testimony here this morning. He even knew court terms that the average person is not familiar with, to wit, the word subpoena. * * * From the testimony, this man was advised by three of the outstanding lawyers of the Mississippi State Bar, especially on criminal matters * * *''

We are of the opinion that this is a matter entirely within the sound discretion of the court. We do not believe that the trial judge abused his discretion in this matter.

This case is governed by Rucker v. State, 242 Miss. 199, 134 So. 2d 440. There was a full hearing in this case. The court fully inquired into the matter and determined the circumstances surrounding the guilty plea, as to whether it was freely and voluntarily entered and whether any reasonable grounds were offered. A full hearing was had and the court was justified, from the evidence introduced, in rendering the judgment entered in this case. This case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Gillespie, Rodgers* and *Jones, JJ.,* concur.