## A. Mastronada *v*. The State.

1. Circuit Court. *District of Warren County. Special term. Statutes construed.*

     Sect. 9 of the act of 1876, creating a separate judicial district of Warren County authorized the circuit judge, by giving *ten* days' notice, to call a special term of court for the transaction of criminal business, in the months of July, August, and September. Sect. 878 of the Code of 1871 (a general statute), in force at the time of the passage of the special act referred to, authorized circuit judges to call special terms of their courts whenever they might deem it necessary, by giving *thirty* days' notice thereof. Sect. 9 of the special act did not have the effect to restrict the power of the judge to call special terms of court within the authority which it conferred; but it must be construed in connection with the general law, as leaving the judge of the Warren County district with the same power, in this respect, as is possessed by the other judges of the State, and as conferring upon him the additional power of calling special terms in the months specified, upon a notice of ten, instead of thirty, days, as provided in the Code.

2. CRIMINAL LAW.    *Plea of guilty.    Motion to withdraw.    Practice.*

M. pleaded guilty to the charge of unlawful retailing of liquor; but, before sentence had been passed upon him, he moved the court for leave to withdraw his plea of guilty.    In support of his motion, he filed an affiddavit to the effect that upon a previous occasion he had pleaded guilty to a similar offence and been sentenced with the mildest penalty allowed by law, and that he filed his plea of guilty in the belief that the court would be as lenient with him in this case as in the former; but that, since entering his plea, he had heard a rumor that he would be more severely dealt with than before, and, therefore, he wished to withdraw his plea.    The affidavit did not aver that M. was innocent of the offence with which he was charged. ᐧ The court refused to grant the motion.    *Held*, that the action of the court below was correct.    ᐧ

APPEAL from the Circuit Court of Warren County.

ᐧ Hon. WARREN COWAN, Judge.

The case is sufficiently stated in the opinion of the court.

*H. C. McCabe*, for the appellant.

1. The court below erred in not allowing the appellant to withdraw his plea of guilty.    The Constitutions of the State and the United States give to every person charged with an offence the right to a trial by jury, if he desires it.    In this case it is desired.    It is never too late for a defendant to avail himself of this right until the waiver of it has been clearly and understandingly made and ᐧacted upon by the court by the imposition of judgment.    In most of the States, the right of trial by jury is considered so fundamental that it cannot be waived, and trial had by the court.    120 Ohio St. 622 ; 17 Ark. 290 ; 9 Mich. 193 ; 36 Md. 259.    In other States it has been held that a prisoner cannot waive his right to trial by twelve men, and be tried by eleven instead.    16 Mich. 351 ; 48 Cal. 257 ; 4 How. 163 ; 6 Blackf. 461 ; 16 Ind. 496 ; 5 Sneed, 360 ; Proffat on Jury Trial, 113.

Bishop in his Criminal Procedure (Vol. I., sect. 465), lays down the doctrine that it is always in the discretion of the court, and the discretion is freely exercised in proper cases to allow the plea of guilty to be withdrawn, and the plea of not guilty to be entered in its place.    Even where the defendant, after pleading guilty has moved in arrest of judgment, then, if his motion is overruled, the court may, should justice require

it, permit him, before judgment, to with draw his plea of guilty and plead not guilty. In *Stephens* v. *The State*, the court there set aside a judgment of the lower court and permitted a defendant to withdraw his plea of guilty under circumstances similar to the case at bar. It was held there that as the defendant had pleaded guilty under a misapprehension as to what the penalty was, and under the belief that a mild one would be inflicted he should be allowed to withdraw it. This case I find reported in 10 Cent. L. J., 497. It refers to 2 Arch. Cr. L. 334; 2 How. Pr. 469; 2 Hale's P. C. 225; 20 Ga. 674.

Was the court at which, and the grand jury by which, the indictment in this case was found, a legal court and grand jury? The appellant takes the position that they were not. His view of it is that they were nothing more nor less than an assemblage of individuals, possessing none of the elements of a court and grand jury, and assuming to themselves powers which they could not lawfully exercise. His reason for believing the court to be illegal is based upon the proposition that it was held at a time not authorized by law, that the judge might lawfully have called a special term of the Circuit Court, for the transaction of criminal business, in the months of July, August, or September, but could not lawfully call it in June, as was done in this case. Although the act of 1876 does not say the judge shall not order a special term, except in one of the enumerated months, it is just as strong as if it had said so, for *expressio unius est exclusio alterius.* What statute governs in the calling and holding of a special term for the transaction of criminal business in Warren County? If the general law relating to the calling of special terms governs, then the court was legal, and if the act of 1876 does, then the court was illegal. I contend that the act of 1876, from the time of its passage, did govern the calling and holding of special terms of the Circuit Court, for the transaction of criminal business up to the passage of the Code of 1880, and that unless it was changed by that instrument it

would follow as a necessary consequence that it still governs, and is now the law in relation to that subject. Was it changed by the Code of 1880? Appellee tells us that it was changed by sect. 2263 of the Code. From the language of that section, that when the business of any Circuit Court, etc., requires, the judge may call a special term, it is argued that the judge had the power to call this term. But the answer to this proposition is that the section alluded to does not authorize the calling of a Circuit Court for the transaction of criminal business as was done here. It merely authorizes the calling of a special term of the Circuit Court, and the court, which he is thus authorized to call, may transact any kind of business appertaining to the Circuit Court. It is clear, therefore, that the only authority of the circuit judge of Warren County, to call a special term of the Circuit Court of that county for the transaction of criminal business is contained in the act of 1876, aforesaid, and is not to be found anywhere else.

*T. C. Catchings*, Attorney-General, for the State.

1. It was a matter entirely within the discretion of the court, to permit appellant to withdraw his plea of guilty, or to hold him to the consequences of it. It may be that this discretion might be so abused as to justify this court in interfering, but no such showing is made by the affidavit which accompanied the application. It does not present a case of mistake, or deception, as in *The State* v. *Stephens*, 71 Mo. 535, but is based solely upon the fact that the fine imposed by the court was larger than he had expected it to be, and the expectation was not created by anything said or done to him by any other person. Even if the showing made was otherwise meritorious, it is totally insufficient, because it nowhere asserts that he was not in fact guilty of the offence charged in the indictment.

2. Sect. 878, Code 1871, and sect. 2263, Code 1880, authorizing the calling of special terms are substantially the same. They authorize the judge to call a special term whenever the business of the court requires it. The power is without limitation.

By the act of April 11, 1876, Warren County was created a separate Circuit and Chancery Court District, and it was enacted thereby that a Circuit Court, for the transaction of civil business, should be held on the first Monday in March, June, and December; that a Circuit Court for the transaction of criminal business should be held on the first Monday of January, April, and October; and that a Chancery Court should be held on the first Monday of February, May, and November. As all of these terms were to continue four weeks, if business should require, it will be seen that they might occupy the whole of the year, except the months of July, August, and September. Hence, the idea of special terms in these months, as provided in sect. 9, of the act of 1876. The argument for appellant rests upon the assumption, that because specific authority is given to call special terms for criminal business in July, August, or September, there must necessarily be implied a prohibition against such terms being called for any other months. It might as well be said that because direct authority is given to hold special terms of the Criminal Court, and no mention is made of special terms of the court for civil business, there is an implied prohibition against the holding of special civil terms at all. The maxim quoted, "*expressio unius est exclusio alterius*," is as applicable to one proposition as another; yet it is not contended that the judge may not call special civil terms at any time he sees proper, so that the regular terms are not dispensed with or curtailed to the injury of suitors. The provision for special terms in the act of 1876 was a work of supererogation. If it had not been inserted, the court would have had the same power, which it had after its enactment; that is to say, it could have ordered special terms for those months just as legally as it can now. If this be true, it follows that no additional powers were conferred by it, and that its purpose was the same as the purpose of the general provision of sect. 738, Code 1871. There is no room for conflict between the two laws; and the only difference is that when ordered under the act of 1876, special terms may be held on ten

days' notice, while under the Code thirty days' notice was re-
quired.    In all other respects they are the same, except that,
under the Code, authority is conferred to call them at any time,
while under the act of 1876 no time is mentioned except July,
August, or September.

CHALMERS, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted of the offence
of unlawful retailing, at a term of the Circuit Court of War-
ren County, begun and held on the 26th of June, 1882.    By
the ninth section of the act creating a separate court district in
this State, composed of the county of Warren (Acts 1876,
p. 241), the judge of that court was authorized to call a special
term thereof for the transaction of criminal business in the
months of July, August, and September; and this, it is in-
sisted, excludes the power of convening one at any other time,
and renders everything done at the special term here in ques-
tion *coram non judice* and void.    This construction of the stat-
ute is too narrow.    By the general law of the State (Code
1871, sect. 878), in force at the time of the passage of the spe-
cial act, the judges of the State were authorized to convene
special terms of their courts whenever they deemed it neces-
sary, by giving thirty days' notice.    By the ninth section of
the special act under consideration, the judge of the Warren
district was authorized to call such terms, during the months
specified, by giving ten days' notice.    This must be construed
in connection with the general law, not as depriving the judge
of that district of the power enjoyed by all the other judges of
the State, but rather as arming him with the added power of
calling special terms during these months upon shorter notice,
to wit, ten days' notice.    If this be not the true construction,
it would follow that if a regular term for the transaction of crim-
inal business should at any time fail, from any cause, there
would be no power in the judge to meet the emergency, by
forthwith calling a special term at such time as might be most
convenient for the public interest, but he must necessarily

defer such action until the months of July, August or September, to the manifest injury of every public and private interest. A construction which would impose such expense upon the county, and such suffering upon persons who might be improperly confined in jail, should not be adopted, unless imperatively demanded by negative terms denying the right to convene the court at any other time than the one specified. No such words are found in the act.

Whether any notice was, in fact, given in the present case is wholly immaterial, as was decided as far back as the case of *Friar* v. *The State*, 3 How. 422; and the principle has now been embodied in our statutory law. Sect. 2263, Code 1880.

There was no error in refusing to permit appellant to withdraw his plea of guilty, with a view of entering a plea of not guilty. Such an order was certainly within the discretion of the court, but no injustice was done in refusing to exercise it in the interests of appellant. The affidavit filed in support of his motion did not aver that he was innocent of the offence with which he was charged, but disclosed the fact that he was an old offender, who had, upon a previous occasion, pleaded guilty and escaped with the mildest penalty allowed by law. It set forth that he had been induced, from this fact, to believe that he would meet with equal leniency on this occasion, and had been, by this expectation, induced to enter his plea of guilty; but that he was now alarmed by a rumor that he was to be more severely dealt with, and therefore wished to withdraw his plea and take his chances before a jury. Certainly, there was nothing in these statements to commend his application to the favorable consideration of the court. The action of the court probably and properly taught him that the infliction of the lowest penalty for a first offence, instead of conferring a vested right to the same measure of punishment for a second, rather suggests the propriety of so increasing the penalty that it may effectually deter from a recurrence of a third.

Judgment affirmed.