HARDY DELOACH *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Withdrawal of plea of guilty. Discretion.*

While it is in the discretion of the trial court to disallow the withdrawal of a plea of guilty, yet the discretion is a judicial one, and should, if any reasonable ground be given therefor, be exercised in favor of a trial on the merits.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Deloach, the appellant, was prosecuted for burglary. The opinion of the court states the case.

*Sykes & O'Neil,* for appellant.

If it appear probable that an error has been committed and an injustice done, this court will reverse the case and allow defendant a trial on the charge against him. *Cunningham* v. *State,* 56 Miss., 269; *Ford* v. *State,* 73 Miss., 734; Wharton's Criminal Law, sec. 531; Constitution of Mississippi, sec 28.

*Monroe McClurg,* attorney-general, for appellee.

The question of allowing the plea of guilty to be withdrawn rests in the sound discretion of the presiding judge. The exact point has been decided by this court. *Mastronada* v. *The State,* 60 Miss., 86; *Purvis* v. *The State,* 71 Miss., 706.

TERRAL, J., delivered the opinion of the court.

Hardy Deloach, at the November term, 1899, of the circuit court of Lowndes county, pleaded guilty to an indictment for

the burglary of the dwelling house of Rafe Neal. On a subsequent day of the same term the defendant submitted to the court his application to withdraw his plea of guilty, and for a trial before a jury, and with his application for a trial upon the merits of the case the defendant submitted his own affidavit of his innocence, and the testimony of several persons in his favor, one of whom testified that he considered him insane, and others testified that he was weak-minded. Other persons on the part of the state testified that he was sane and was a shrewd rascal. The court denied his application, and sentenced him to imprisonment in the penitentiary for three years.

As the plea of guilty is often made because the defendant supposes that he will thereby receive some favor of the court in the sentence, it is the English practice not to receive such plea unless it is persisted in by the defendant after being informed that such plea will make no alteration in the punishment. 1 Arch. Cr. Pr. & Pl. (8th ed.), 334.

By analogy we think the defendant should be permitted to withdraw his plea of guilty, when unadvisedly given, where any reasonable ground is offered for going to the jury. This is a matter within the discretion of the court, but a judicial discretion which should always be exercised in favor of innocence and liberty. All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits if possible. *Gauldin* v. *Crawford,* 30 Ga., 674.

The law favors a trial upon the merits by a jury, and we think the reasons offered by the defendant in this case would have justified the learned judge in putting the case to a jury.

*Reversed and remanded.*