## Mary McWilliams v. State.

[63 South. 270.]

1. Criminal Law. *Appeal and error. Presumptions. Indictment. Time. Sufficiency. Code 1906, section 1428.*

The action of the trial court in refusing to allow defendant to withdraw a plea of guilty and defend, will on appeal be presumed correct, in the absence of a bill of exceptions showing the facts and circumstances under which such claim to withdraw the plea is made.

2. Indictment and Information. *Time. Code 1906, section 1428.*

Under Code 1906, section 1428 expressly providing, an indictment is not insufficient because it charges the offense to have been committed on a day subsequent to the date of the indictment.

Appeal from the circuit court of Lauderdale county. Hon. John L. Buckley, Judge.

Mary McWilliams was convicted of the unlawful sale of intoxicating liquor upon a plea of guilty. From a judgment denying her the right to withdraw her plea and defend she appeals.

The facts are fully stated in the opinion of the court.

*R. D. Cooper,* for appellant.

Appellant exercised the right in pleading guilty under the circumstances as set out in the motion to withdraw, but was refused the right to withdraw the plea and put herself upon the country and let a jury say whether she was guilty.

The case reported in 60 Miss. 86, declares the matter of withdrawing a plea of guilty and to plead not guilty in the sound discretion of the court, but the facts in that case are not the same as in this case. The defendant, appellant set forth in her motion that she had a good defense and that she was ignorant, etc., and not properly advised of her rights, etc. I understand that what is in the sound discretion of a trial judge this court will not interfere with that this discretion must be oppressive and otherwise abused before it would be interfered with, but my position is that if the case reported in 60 Miss. 86, is meant to be a general principle of law, that it is in the discretion of the court, whether a plea of guilty may be changed to a plea of not guilty, and is not a matter of legal right under the constitutions, both federal and state, then this decision is wrong and should be overruled, but as I see the proposition this case can be reversed without overruling this decision.

A defendant may waive certain of his rights under the law, but if a plea of guilty is such a waiver of his constitutional right, that by once exercising his right in pleading guilty, he is deprived of that right in asking the court to exercise the same right in withdrawing the plea of guilty and to plead not guilty—if this be a waiver of the right under the law, it is wrong in principle.

The principle of justice and law allowing a defendant to plead guilty should be equally elastic enough to allow defendant to withdraw the plea. This principle is liberally allowed by law as to civil pleadings, and should at least be as favorable to a defendant, charged with an offense. The constitutions, both federal and state, abound in grace to a defendant charged with an offense, and it was at least intended by the statutes of the state to preserve those rights, though section 1428 of the Code of 1906 seem to be in conflict, and to that section I will undertake to address myself.

This section certainly covers a wide field, a cyclone sweep of law and justice, under color of law. The next question is as to the validity of the indictment to which the defendant entered a plea of guilty. It is dated or alleges that she sold intoxicating liquors on the 16th day of October, 1913, about two months subsequent to the time of date of finding the indictment, but it is contended that section 1428 provides for just such mistake as occurs in this indictment. This section reads as follows:

"An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for want of a proper or perfect venue."

I know of but four cases that this court have passed upon, in construing this section, in neither of which was the validity of the statute raised. I do not think that the section should be construed in the sense that an indictment imperfectly stated as to time need not be amended so as to conform to the proof. It certainly means that such defects may be amended before trial or even after or during the trial so as to cure any variance between the date of indictment and the proof.

This section is in conflict with section 26 of the state Constitution which reads as follows: "In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of accusation." I wish to discuss the two words, "nature and cause of accusation," "nature and cause."

Here is an indictment which charges the offense was committed on a day in future, a day that has not transpired. Time should be embraced in defining the meaning of nature of the offense, and in the case of *United States* v. *Cruikshank,* 92 U. S. 588, and on page 593, under I Arch. Cr. Pr. and Pl. 291, the object of an indictment is, first to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution of the same offense; and second, to inform the court of the facts alleged, so that it may be decided whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. "A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place and circumstances."

The time when the offense was committed should be stated with some degree of certainty so as to give the defendant an opportunity to procure his witnesses.

It appears to me that time should always be essential to state in an indictment, and not leave the province of the state to prove that it was committed within the statute of limitation.

In conclusion, I wish to state that the indictment is a nullity on its face, it stands under section 1428, so it is contended or was so below, but my contention is that the indictment was only subject to amendment under the section, which was not so amended. If it does not mean this, then this section is in conflict with section 26 of the State Constitution. "Time" should always be included in the

meaning of the words ''nature'' of the offense. But the state should not seek the advantage of any one, but only to see that justice is done to parties charged with an offense. Appellant was entitled to exercise a right under the law to plead guilty, but it was deprived by the court to further exercise the ''right'' as I believe should be under the facts in this case, to withdraw this plea and substitute a plea of not guilty.

*Frank Johnston,* assistant attorney-general, for the state.

I respectfully submit to the court that there is no question of law presented in this case that involves any difficulty whatever, but I will present briefly the two points contained in Mr. Cooper's brief for the appellant.

First. Mr. Cooper complains of the refusal of the circuit court to allow the defendant's plea of guilty to be withdrawn and a plea of not guilty filed in the case.

There is no bill of exceptions in the case, and nothing whatever in the record to show the facts or circumstances in respect to this action of the trial court. In a word, the basis or consideration upon which the trial court acted in denying this information is not shown by anything in the record.

This suggestion is sufficient, in itself, to dispose of this objection of the learned counsel for the appellant. But aside from this the whole matter of this application to withdraw the plea of guilty was addressed to the sound discretion of the trial court.

This was expressly held by this court in the case of *Mastronada* v. *State,* 60 Miss. 86. Questions of this character, *ex necessita rei* must be left in a very large measure to the discretion of the circuit judge. When a case is presented, in which it is evident to this court that this judicial discretion has been abused, or has been arbitrarily exercised, then this court may review the action of the lower court. It is to be assumed, however, on

an appeal to this court, and conclusively presumed by this court, that the action of the trial judge was proper, in the absence of all the facts and circumstances in a case where he denies such an application.

Second.  After the sentence of the court had been pronounced, the defendant made another motion to withdraw the plea of not guilty and for a new trial on the ground that the indictment was a nullity on the ground that it was "dated" October 16, 1913.  I presume it was meant that the time laid in the indictment was October 16, 1913, for the indictment was filed February 3, 1913.

The indictment was not a nullity.  The exact date laid in the indictment was erroneous, but the date was not of the essence of the offense.  And on a trial under this indictment the prosecution would have been permitted to prove any specific offense within two years preceding the finding of the indictment.

The case comes clearly within the provisions of section 1428 of the Code of 1906, which is as follows:  "An indictment for an offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been commited on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."

Under the express provisions of this section, where time is not the essence of the offense, an indictment is not insufficient in omitting a date, or in stating the offense to have been committed on a day subsequent to the indictment, or on an impossible day, or on a day that never happened.

This statute has been given this construction and application in *Smith* v. *State,* 58 Miss. 167, and in *Holland* v. *State,* 60 Miss. 930, where the averment of time was not

of the essence of the offense. And the same application was given in a seduction case where the indictment charges the time of the offense on a day subsequent to the finding of the indictment. *Carlisle* v. *State,* 73 Miss. 387, S. C. So. Rep. 207.

There is nothing in the suggestion of the learned counsel for the appellant that any constitutional right has been denied the appellant by the trial court.

Reed, J., delivered the opinion of the court.

On February 15, 1913, appellant pleaded guilty to an indictment for the unlawful sale of liquor. On February 28, 1913, appellant, through her attorney, moved the court for leave to withdraw her plea of guilty for the reasons that (1) she is an ignorant negro, half-demented, was not properly advised when she entered her plea, and has a good defense; (2) that the time laid in the indictment was October 16, 1913, when the indictment was filed February 3, 1913, and that the judgment and sentence thereunder was of no validity.

As to the first ground assigned, there is no bill of exceptions in the record, and nothing whatever therein to show any proof of the correctness of this claim. It is not shown that the trial judge abused his judicial discretion. In the absence of all facts and circumstances in the matter, it is presumed that the judge acted properly when he denied the application.

The second ground assigned—that is, that the indictment shows the offense was committed on a day subsequent to the finding—is shown to be insufficient by section 1428, Code of 1906, which reads as follows: "An indictment for an offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where the time is not of the essence of the offense, nor for stating the time imperfectly, nor for the stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an

impossible day, or on a day that never happened, nor for the want of a proper perfect venue.''

Affirmed.