FORTENBERRY *v.* STATE.*

(Division B.    May 30, 1927.)

[113 So. 193.  No. 26557.]

1. CRIMINAL LAW.  *Court may set aside or refuse to set aside plea of guilty;\ plea of guilty should be set aside only on showing of innocence and nature and. facts of defense.*

    On arraignment, where a defendant in criminal cases pleads guilty, it is within the discretion of the court to set aside, or to refuse to set aside, the plea; but it should only be set aside upon a showing that the defendant is not guilty of the crime charged, and a showing of the nature and facts of the defense in case it should be set aside.  A motion which does not comply with this requirement is insufficient to require the setting aside of such plea.'

2. CRIMINAL. LAW.  *Motion to set aside plea of guilty, not showing nature of defense and not called to court's attention, will be treated as overruled after adjournment.*

    In such case, where a motion. is filed to set aside the plea without complying with the requirements of the first syllabus, and such motion was not called to the attention of the court. it will be treated as being overruled after the adjournment of court.

*Corpus Juris-Cyc References:  Criminal Law, 16CJ, p. 396, n. 88, 94 New; p. 397, n. 6.

Appeal from circuit court of Marion county.

Hon. J. Q. Langston, Judge.

*Habeas corpus* by W. M. Fortenberry. From a judgment denying the writ, petitioner appeals. Affirmed.

*B. J. Goss,* for appellant.

The right of a defendant to withdraw his plea of guilty and the powers and duties of the court in connection therewith will be found fully discussed in 16 C. J., pages 396-7, paragraphs 728-30. From this authority it will be found that the question of whether or not a defendant can withdraw his plea of guilty and enter a plea of not guilty is one that rests within the sound discretion of the court. We accept this as the true rule. This record shows a case in which this appellant was certainly entitled to have his motion to withdraw his plea of guilty sustained.

This was an ignorant country negro, who was in court for the first time. He was called upon under the high technicalities of courts of this character to stand up and listen to the reading of an indictment, the terms of which must necessarily confuse him and which indictment he could not understand, and all this within thirty-five or forty minutes after he had been arrested and put in jail and without having had an opportunity to talk with anybody except two fellow prisoners.

In this particular case, however, the motion is undisposed of; and we submit that the motion being undisposed of at the December term of court, the motion stands continued and with the *supersedeas* bond tendered and given, the judgment stands suspended until the motion shall have been finally disposed of.

We are mindful of the fact that under the common-law motions of this character and especially motions for new trials or motions in arrest of judgment—and this motion is in the nature of a motion for a new trial—if not acted upon by the court during the term are consid-

ered as overruled, but our courts have departed from this common-law rule as will be seen by reference to *City of Vicksburg v. Henessey,* 57 Miss. 178.

*James W. Cassedy, Jr.,* Special Agent, for the state.

This motion is not a good motion in that it fails to allege that the appellant was not guilty of the charge on which he was indicted, nor does it state that the appellant has a meritorious defense to said charge. This motion was never filed nor was it ever presented to the court. For these reasons counsel cannot complain of the action of the circuit judge in denying the petition for writ of *habeas corpus.*

It is within the sound discretion of the court to allow a plea of guilty to be withdrawn and a plea of not guilty entered in its stead. The circuit judge has denied this petition. In other words, the judge has said that the motion would be overruled.

The order denying the petition should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment in a *habeas corpus* proceeding, denying the appellant's petition therefor.

In the petition the appellant alleged that he was indicted by the grand jury of Marion county on the 17th day of December, 1926, on a charge of "false pretense," which consisted of giving a deed of trust to the beneficiary therein without disclosing a former deed of trust upon the same property given to another person at a prior date. The appellant alleged that on the 22d day of December, 1926, he was arraigned in the circuit court on said charge and pleaded guilty thereto and was sentenced to the penitentiary for a term of one year for said offense. Appellant alleged that he was absolutely ignorant of the effect of his plea of guilty and unacquainted with court proceedings, and that he had not been ad-

vised with reference to his case by an attorney. After entering said plea and sentence had been imposed, he filed a motion in the circuit court to set aside his plea of guilty, and prayed to be allowed to plead to the merits of the cause. This motion was never acted upon by the court, and there is nothing to show that the court's attention was called thereto. The motion failed to set forth that he was not guilty of the crime, and also failed to set forth the nature and character of defense that he expected to make. After court adjourned, appellant petitioned the court for a writ of *habeas corpus,* tendering a bond for his appearance at the next term of the court. In his examination, on the hearing of the *habeas corpus* proceeding, the appellant admitted that at the time he was arraigned the district attorney told him that he need not plead guilty unless he desired to, and there is no showing that the district attorney or any other public officer connected with the prosecution of the case induced him to enter a plea of guilty. He seems to have been advised to do so by some other parties who were in jail at the same time he was and who pleaded guilty to the offenses charged against them. In *Mastronada* v. *State,* 60 Miss. 86, it was held that a person who pleaded guilty to the unlawful retailing of liquor and filed a motion to withdraw the plea before sentence and prayed to be permitted to plead to the merits of his case, the refusal of the motion by the court was not error, but was a matter in the discretion of the court because there was no showing that such person was not guilty of the crime, and that the court would not reverse the trial court unless a showing was made that the defendant was not guilty and a proper defense made to the charge. To the same effect is the case of *Purvis* v. *State,* 71 Miss. 706, 14 So. 268.

We think the application filed by the defendant was wholly insufficient, and the court would not have been warranted in setting aside the plea of guilty on the showing that he made in the motion. We also think that it

was the duty of the defendant and his counsel to call the court's attention to the motion and have it acted on during the term of court, and, as this was not done, the motion should be treated as though it was expressly overruled.

The judgment of the lower court will therefore be affirmed.

*Affirmed.*