HAYWOOD *v.* STATE.*

(Division B. Nov. 5, 1928.)

[118 So. 620. No. 27544.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 730, p. 398, n 10.

*J. H. Arrington,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J. Charley Haywood was indicted on a charge of assault with intent to kill and murder, and entered a plea of guilty to said charge. He was remanded to jail to await sentence upon such plea. Thereafter he made application to the court to withdraw his plea of guilty, and to enter instead a plea of not guilty, and for trial by jury on the merits of the case.

In the application to set aside the plea of guilty, and to enter a plea of not guilty, it was merely alleged that the appellant did not understand the nature and character of the plea, or its import, never having been in court before; and alleged that if Mr. Mason was cut or wounded by the defendant, it was done in necessary self-defense, as the defendant fully believed, and not in resisting an officer or obstructing justice—not knowing and willfully resisting an officer or other authorized person in serving, or attempting to serve any legal writ or process.

The indictment plainly charged the acts and elements constituting the offense, and was not difficult to understand. In setting aside a plea of guilty, and permitting the substitution of a plea of not guilty, the judge exercises a judicial discretion, and unless he is manifestly wrong, this court will not interfere with that discretion. There is no showing in the record that anything constituting matters of fact was misrepresented to the appellant, or that he did not know all of the facts pertaining to the charge, at the time the plea of guilty was entered, that he knew later. In other words, there was no newly-discovered evidence changing the situation between the time when the plea of guilty was made and the filing of the motion. It was merely alleged that he did not understand legal proceedings. This alone will not authorize this court to reverse the trial court in overruling the plea to withdraw the plea of guilty. The judgment of the court below is therefore affirmed.

*Affirmed.*