DANIELS *v.* STATE.

(Division B. April 11, 1932.)

[140 So. 274. No. 30014.]

246

**B. J. Goss,** of Columbia, for appellant.

· **Herbert Nunnery,** Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was indicted on a charge of assault with intent to kill and murder, was arraigned, and pleaded guilty in self-defense. The court thereupon told her that she could not enter a plea of guilty in self-defense, but that she would have to plead guilty or not guilty, and that, if she desired to plead self-defense, she would have to plead not guilty. The appellant then entered a plea of guilty. There was no effort, so far as the record shows, to clear up what she meant by guilty in self-defense. She was sentenced to three years in the penitentiary and sent to jail, and then, for the first time consulted an attorney. The attorney filed a motion to set aside the plea of guilty and to go to trial, stating, in said motion, that the defendant had a perfect defense to said charge; that she is an ignorant colored girl, and did not then know the meaning of said plea of guilty; and that, although she entered the plea of guilty, she thought she would have the right to show, by her witnesses, the manner in which the incident occurred. She asked that the testimony of three witnesses, who were then in court, be taken, and that the court hear these witnesses upon the motion to withdraw the plea of guilty. The witnesses were introduced, and all testified that the alleged assaulted person was, at the time, advancing upon the de-

fendant with a drawn knife, stating, as he advanced, that he was going to cut her throat, and that she thereupon fired a pistol at him, and he fled.

The defendant testified to like effect, and, further, that she did not understand that the plea of guilty would prevent her trying the cause, but thought her witnesses would be allowed to talk.

The state, in rebuttal, placed the person alleged to have been assaulted upon the stand, and he denied the story of the other witnesses; denied that he had threatened the defendant; and denied that he had a knife, at the time, or that he owned one. The state also introduced another man who kept a filling station at or about the place where the shooting occurred, who testified that he did not hear any threat or any profanity at the time; that he heard a shot and saw the negro man run, but that he did not see him at the time of the shooting, and could not say what he had in his hand, if anything.

The circuit court overruled the motion to set aside the plea of guilty, and it is contended here that the proof does not show clearly that the defendant was innocent.

We think it clear that the defendant, when arraigned, desired to plead self-defense, but did not know how to do so. In other words, she did not understand the effect of the plea which she did enter; and we think the circuit judge, when the defendant entered the plea of guilty in self-defense, should have ascertained what she meant. It is manifest that she meant that she was guilty of the shooting, but that she shot in self-defense.

There is no showing that the state's witnesses had been discharged and were not available; but it appears that the witnesses, as above stated, were present in court to testify.

We do not think the motion requires a showing that demonstrates innocence or that makes it highly probable that the defendant is innocent; but, if the defendant did not understand the nature of the plea, or the facts pertinent thereto, and it appears from the show-

ing made that a jury might reasonably return a verdict of not guilty, the plea should be set aside, unless it is manifest that the matter took the course it did for the purpose of delaying or defeating justice.

Under the facts in the record, we think the circuit court should have set aside the plea of guilty and permitted a trial by jury.

The judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.