ANDERSON *et al. v.* STATE.

(Division B. June 10, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 651. No. 34142.]

Gordon L. Smith, of Greenwood, for appellants.

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

Argued orally by **Gordon L. Smith**, for appellants.

**McGehee, J.,** delivered the opinion of the court.

The error assigned on this appeal is that the court below should have permitted the appellants to withdraw their pleas of guilty of the crime of burglary, pursuant to which pleas they had been sentenced to serve a term of seven years in the state penitentiary.

The pleas of guilty were entered on November 24, 1939, and the appellants were sentenced four days later. On the next day following the pronouncement of the sentence they filed and presented the motion to be allowed to withdraw the pleas, which was during the last week of the term, and after the jurors and witnesses had been finally discharged.

The question presented by this appeal could be readily disposed of on the ground that the motion was not seasonably made, except for the fact that we are not advised as to what opportunity the appellants may have had to

communicate with an attorney for that purpose between the date of the entry of the pleas and the imposition of the sentence. However, the record does disclose that when the trial judge inquired of the appellants, before pronouncing the sentence, what, if anything, they had to say as to why the sentence of the court should not then be imposed, they again admitted that they went into the store which was alleged to have been burglarized; and we do not think that the proof on the hearing of the motion on the next day presented a case wherein we would be justified in holding that the sound discretion vested in the trial court either to allow or to refuse the withdrawal of such pleas can be said to have been abused, within the meaning of the rule announced in the following cases: McWilliams v. State, 105 Miss. 844, 63 So. 270; McDonald v. State, 151 Miss. 566, 118 So. 628; Fortenberry v. State, 147 Miss. 91, 113 So. 193.

It is not contended that the appellants did not understand the nature and effect of their pleas; but they testified that they had previously been beaten in an effort to induce them to admit their guilt, and that they entered the plea of guilty to avoid any further beating. This proof on the motion was allowed to go undisputed by the state, except that in a question asked by the state's attorney it was intimated that they had not been beaten to obtain a confession, but rather because they had been impudent to the officers.

We would not hesitate, under the state of this record, to reverse and remand the case on account of the duress under which the pleas of guilty are alleged to have been entered, except for the fact that the trial judge stated into the record, on the hearing of the motion, his version of what had transpired at the time the sentences were imposed, and found as a fact from what the appellants personally stated to him in open court, that their admission of guilt was free and voluntary. The case must therefore be affirmed.

Affirmed.