PITTMAN *v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 685. No. 35885.]

Lee D. Hall, of Columbia, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Griffith, J., delivered the opinion of the court.

The statement of facts contained in appellant's brief is not challenged by the state, except as later mentioned, and we quote the first three paragraphs of that statement:

"On Saturday night, nine days before convening of the February, 1945, term of the Circuit Court of Walthall County, the appellant was involved in a shooting scrape with a bunch of other negroes, and when the smoke of battle cleared away, the casualty list showed one dead, one wounded, and, no doubt, several missing. The ap-

pellant was promptly jailed and was held without any preliminary hearing until Circuit Court convened on February 5th. On that date the Grand Jury was impaneled which remained in session until Wednesday, February 7th, on which date, late in the afternoon, the Grand Jury reported a number of indictments, along with its final report, and adjourned. No other Court was held on that day, and the Court recessed until the following morning, which was Thursday, February 8th. On that morning, according to the testimony for the State, a deputy sheriff went to the jail and read to the defendant two warrants, one being on an indictment for manslaughter, and the other being on an indictment for assault and battery with itent to kill and murder, and the appellant was thereupon carried to the courtroom and arraigned. According to his version, when arraigned the appellant stated that he was guilty of the shooting.

"An order was then entered in the manslaughter case showing that the appellant had entered a plea of guilty and had been remanded to the custody of the sheriff to be sentenced on a later day of the term. A similar order was entered on the charge of assault and battery with intent.

"On the following day, which was Friday, February 9th, and before the appellant had been sentenced on either of these charges, he filed an affidavit in the manslaughter case in which he said that at the time the indictment was returned on Wednesday, February 7th, he was a prisoner in the Walthall County jail, that on the following morning, February 8th, he was arraigned before he had an opportunity to consult with his friends or counsel; that he is an ignorant negro and not familiar with court procedure and that when the indictment was read to him, he stated to the Court that he was guilty of shooting, that he did not understand that he was entering a plea of guilty to the charge made against him in the indictment and did not desire to plead guilty to the said charge, and that in truth and in fact he is not guilty of said charge

and has a meritorious defense thereto which he desires to present if permitted to do so, and he moved the Court to be permitted to withdraw his plea of 'guilty' and to enter a plea of 'not guilty.' The same affidavit and motion was filed in the case wherein he was charged with assault and battery with intent.''

Appellant was introduced as a witness and his testimony supported his affidavit. There was no dispute of his testimony by any other witness upon any fact which has any substantial bearing upon the result which should be reached here. At the conclusion of the evidence, the trial judge dictated a statement into the record that when the indictments were read to the defendant and he entered the plea of guilty to each of them the judge inquired of him twice whether he knew what he was doing, to which the defendant responded that he did, and that the judge asked him if he had a lawyer and the defendant answered that he didn't want a lawyer. The judge further stated that the defendant had had a previous experience in court four or five years ago, and that from this and what happened on the present occasion the judge was satisfied that the defendant was well aware of the effect of the indictments, and that there was no reason to consider the defendant was misled or was in the dark. It is, however, nowhere disputed or disproved either by a witness or by the judge's statement that the defendant's original response to the indictments when he was called on to plead, was that he was guilty of the shooting, and there is no showing that anything was done to ascertain what he meant thereby, which, under the Daniels case later to be cited, should have been done.

This matter of the withdrawal of a plea of guilty has been considered by this Court in a number of cases: Mastronado v. State, 60 Miss. 86; Deloach v. State, 77 Miss. 691, 27 So. 618; Turner v. State, 121 Miss. 68, 83 So. 404; Fortenberry v. State, 147 Miss. 91, 113 So. 193; Haywood v. State, 151 Miss. 536, 118 So. 620; McDonald v. State, 151 Miss. 566, 118 So. 628; Daniels v. State, 163 Miss. 245, 140

So. 724; Anderson v. State, 189 Miss. 222, 196 So. 651, and others not so nearly in point. A careful examination of these cases will disclose the truth of the observation on this subject found in 22 C. J. S., Criminal Law, sec. 421, p. 640, that "each case of necessity must depend on its own facts and circumstances, and no hard and fast rule can be laid down that will fit every case."

When all the cases and texts are examined, no better statement is found anywhere than that set forth in Deloach v. State, supra, where our Court said: "We think the defendant should be permitted to withdraw his plea of guilty, when unadvisedly given, where any reasonable ground is offered for going to the jury. This is a matter within the discretion of the court, but a judicial discretion, which should always be exercised in favor of innocence and liberty. All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. . . . The law favors a trial upon the merits by a jury . . . ." And the statement is in accord with recent summaries of the authorities in general, 22 C. J. S., Criminal Law, sec. 421, p. 641, 14 Am. Jur., p. 961.

If the offense charged involves a simple set of facts out of which any person of ordinary discretion would know, without any consultation, that he is either guilty or not guilty, then any subsequent assertion that his plea of guilty was unadvisedly given would not be looked upon with the favor which should be accorded when there is a situation of more complexity. A person charged with the larceny of a horse, well described in an indictment, the property of a named person, would know without advice whether he stole that horse or not; but when charged with manslaughter growing out of a melee, he may not know of what he is guilty, if of any crime at all, and we need no better evidence of this than the fact that the best lawyers at our bar will sincerely differ on such a question on a given state of facts, and the members of the court on appeal will differ sometimes on the subject. How,

then, could an ignorant negro really know in such a case when utterly without advice or admonition from any one, layman or lawyer or judge? All that he could advisedly say was as he did say,—that he was guilty of the shooting.

In some states by statute and in others by judicial precedent, it is the rule that pleas of guilty may not be received in felony cases unless and until the court has ascertained that the plea is voluntary and without mistake. See 14 Am. Jur., p. 952. So far as we can find we have no precise pronouncement in this jurisdiction on the point, and there is no statute. There has been no such uniform practice among the trial courts in this state and of such long standing that we can say therefrom that there is a mandatory obligation upon trial judges in felony cases to ascertain before accepting a plea of guilty whether it is being given without mistake or misapprehension.

But we can say and do say that in a case involving more than a simple issue and when the response to the indictment is in such terms as ought to make the court aware that the defendant is not responding, in the first place, without qualification, the court should clear up the matter with such a sufficient further inquiry into the factual situation, and this in open court, as will disclose to the court that, in point of fact rather than by mere subsequent words, the defendant does in real substance know what he is doing. And when this is not adequately done the mere circumstance that a plea of guilty is formally given should furnish but little obstacle to a motion to withdraw it, when the motion is made with reasonable promptitude, is in proper form as to contents, and discloses that his plea was given without the advice or admonition of any person competent to give it.

Here the sufficiency of the motion and affidavit is not questioned, and, as stated, it is supported by evidence of which there is none to the contrary save so far as displaced by the statement of the trial judge. The statement by the defendant to the trial judge that he did not want a lawyer instead of being held against him should,

in connection with his other quoted statement, have alerted the court to the apprehension that although he may have finally understood that he was entering a plea of guilty he yet did not, or might not appreciate whether the facts made him guilty, under the law, of the particular crime,—something that the learned trial judge could not himself know simply on the statement by the defendant that he was "guilty of the shooting."

The motions in both cases should have been sustained, and they will be remanded that this may be done.

Reversed and remanded.