MILES *v.* MONAGHAN, Sheriff.

Division B. Mar. 12, 1951.

No. 37610 (51 So. (2d) 212)

Ramon L. Burgess, for appellant.

**George H. Ethridge,** Assistant Attorney General for appellee.

**Hall, J.**

On November 4, 1946, appellant entered a plea of guilty in the Circuit Court of Monroe County on a charge of the unlawful possession of intoxicating liquor on a second offense and was sentenced to pay a fine of $500.00 and costs and to serve a term of six months in the county jail, but the jail sentence and all the fine except $100.00 was suspended during good behavior. The $100.00 was paid. On October 31, 1949, the district attorney petitioned the court to impose the suspended sentence for the reason that appellant had been convicted or had pleaded guilty to other changes of the unlawful possession of intoxicating liquor since the said suspension. Due notice of this petition was given to appellant and a hearing was had thereon and on November 3, 1949, an order was entered imposing three months of the six months jail sentence and $200.00 of the remaining $400.00 fine, and continuing as suspended the remaining three months jail sentence and $200.00 fine.

Appellant then filed a motion for leave to withdraw his plea of guilty which had been entered in 1946 and on November 5, 1949, the court entered an order overruling said motion. On the same date appellant filed a petition for a writ of habeas corpus claiming that his confinement under the order of November 3, 1949, was illegal and void because the circuit court was without jurisdiction and without authority, after the lapse of three years, to impose a portion of the suspended sentence upon him. After a full hearing an order was entered denying the prayer of the petition for habeas corpus, from which this appeal is taken.

 Appellant contends that the lower court erred in overruling his motion for leave to withdraw his plea of guilty entered three years previously. He testified in his own behalf and made no showing whatever that he was innocent of the charge to which he had entered the plea of guilty. A showing of innocence was necessary. Edwards v. State, Miss., 46 So. (2d) 790, not yet reported in the State Reports, and authorities therein cited. There was no contention that he had been misled into pleading guilty; this was essential under the case here presented. Fortenberry v. State, 147 Miss. 91, 113 So. 193. Moreover, appellant manifested no diligence whatever in permitting the judgment upon his plea of guilty to remain in force for a period of three years before moving for leave to withdraw his plea of guilty and after paying that portion of his fine which had not been suspended. An application for leave to withdraw a plea of guilty should be made within a reasonable time. 22 C. J. S., Criminal Law, Sec. 421(3), p. 644. In Hubble v. State, 41 Wyo. 275, 285 P. 153, it was held that a delay of two years and three months in making such an application was an unreasonable delay. Trial judges are vested with a wide discretion in passing upon such motions and the overruling thereof will not constitute reversible error unless it appears that the discretion has been abused. McDonald v. State, 151 Miss. 566, 118 So. 628. There was certainly no abuse of discretion in this case, and the contention is wholly without merit.

██ The assignment that the circuit court lost jurisdiction and was without authority to revoke the suspension and to put a portion of it into effect after the lapse of three years is likewise without merit. Crump v. Trapp, Sheriff, Miss., 36 So. (2d) 459. In that case there was a delay of more than five years before the suspension was revoked.

Affirmed.