PERCIFUL *v.* HOLLEY, SHERIFF.

Apr. 6, 1953

No. 38716 26 Adv. S. 41 63 So. 2d 817

*Floyd W. Cunningham,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

ETHRIDGE, J.

The affidavit in question was executed on June 23, 1950, and charged that appellant, Herman (Buck) Perciful "did wilfly & unlawful Sell ½ Pint of Liquor" (sic). Perciful pleaded guilty to this charge, and at the August 1950 term of the Circuit Court of Prentiss County, he was sentenced to pay a fine of $500 and to serve three months in the county jail, but the sentence was suspended by the circuit judge, under the authority of Code of 1942, Section 2541, conditioned upon Perciful's good behavior.

On February 14, 1952, about eighteen months thereafter, the district attorney filed in the Circuit Court of Prentiss County a petition averring that Perciful had violated the terms of the suspension of his sentence; that since the judgment of August 1950 he had been convicted several times of the sale and possession of intoxicating liquor and of public drunkenness; and that this conduct was a breach of the condition upon which Perciful's sentence was suspended in August 1950. The petition asked the court to revoke the prior suspension of sentence and to enforce the 1950 sentence. No answer was filed by Perciful to that petition, and on February 19th a hearing was had on the petition to revoke the 1950 suspension of sentence. The State produced several witnesses who testified in support of the averments of the petition of the district attorney, as to Perciful's several convictions since the suspension of sentence in 1950. Perciful offered no testimony to the contrary, so the fact that Perciful had violated the terms of the August 1950 suspension of sentence is undisputed. Hence Perciful violated the terms of his suspension of sentence, and the circuit court correctly so found.

Appellant Perciful, at the hearing on February 19th, undertook to attack the petition for revocation of the suspension of sentence in a collateral manner, by making a motion for the court to allow him to withdraw his plea of

guilty to the charge in the affidavit, and to be allowed to enter a plea of not guilty and to have a trial on that issue. The basis of this motion was that the affidavit failed to charge any violation of law of this State and is void on its face. It was further averred in the motion to withdraw the plea of guilty that appellant had a meritorious defense to "any such attempted charge against him." The circuit court overruled appellant's motion to withdraw his plea of guilty which had been entered in 1950, and stated that the affidavit, which charged an unlawful sale of one-half pint of "liquor," would have been amendable at the time appellant pleaded guilty, and that when an affidavit is amendable and no objection is raised to it by the defendant at the time of the trial, it is too late to do so after the trial.

Hence on February 21, 1952, the circuit court rendered a judgment, finding that appellant had violated the terms of the suspension in 1950 of his sentence, and revoked in part the suspension of sentence by ordering that defendant should pay a fine of $300. The remainder of the aforesaid sentence was continued to be suspended upon Perciful's future good behavior. Perciful took no appeal from that judgment.

Two days later, on February 23, 1952, Perciful filed in the Circuit Court of Prentiss County a petition for writ of habeas corpus, setting up the above stated facts. The petition then charged that the respondent, Ben F. Holley, Sheriff of Prentiss County, and appellee herein, held the petitioner in the county jail under a void order and sentence of the circuit court executed on February 21st, that that order and sentence was void because the 1950 affidavit charged no crime against petitioner under the law and failed to inform the defendant of the nature of the charge against him. The affidavit had charged that appellant on a stated date "did wilfly & unlawful Sell ½ Pint of Liquor" (sic). By stipulation between the district attorney and Perciful's attorney, it was agreed

that the original records in No. 5623, being the August 1950 conviction in State v. Perciful, should be considered as part of the evidence before the circuit court, and that the answer to the respondent sheriff was that he was holding petitioner under the order of the circuit court of February 21, 1952, revoking in part the 1950 suspension of sentence. It was also stipulated that the court could consider as part of the record, on the petition for writ of habeas corpus, a transcript of the record on the petition of the district attorney for revocation of suspension of sentence, the hearing of which was held on February 19th. On March 1st the circuit court rendered a judgment denying the relief sought in the petition for writ of habeas corpus, holding in effect that respondent sheriff was detaining appellant under a proper order of the circuit court, that the 1950 conviction of appellant on the quoted affidavit was not void, and allowing an appeal under Code Sections 1177-79. From that judgment of March 1st appellant has taken the present appeal.

Appellant's brief argues in effect two reasons why the circuit court erred in denying him relief on his petition for habeas corpus and in failing to hold that the affidavit was void. He first says that at the time of his plea of guilty he was not advised of the insufficiency in law of the affidavit, and that the court abused its discretion in refusing to permit him to withdraw his plea of guilty and substitute a plea of not guilty and obtain a trial on that issue. But appellant took no appeal from the judgment of February 21, 1952, denying the motion to withdraw plea of guilty. Moreover, █ the trial court has a broad discretion in determining whether to permit a plea of guilty to be withdrawn, and under the present circumstances we certainly cannot say that the circuit court abused its discretion in denying that relief. Stafford v. State, 55 So. 2d 477 (Miss. 1951). In Miles v. Monaghan, Sheriff, 211 Miss. 150, 154, 51 So. 2d 212 (1951), it was said that "Trial judges are vested with a wide discretion

in passing upon such motions and the overruling thereof will not constitute reversible error unless it appears that the discretion has been abused." Moreover, as was held in the *Miles* case, ██ "An application for relief to withdraw a plea of guilty should be made within a reasonable time." In other words, a defendant must manifest diligence in requesting that relief by the court. Here appellant waited from August 1950 until February 1952, about eighteen months, before moving to withdraw his plea of guilty. He also waited until after the district attorney had moved to revoke the suspension of sentence. As in the *Miles* case, the trial court was warranted in considering these factors, in concluding that there was a lack of diligence as well as the other stated considerations, and therefore in denying a withdrawal of the plea of guilty and refusing appellant's release on the petition for habeas corpus.

Furthermore, the circuit court was correct in holding that the affidavit was amendable. It was charged in the affidavit that appellant on the stated date "did wilfly & unlawful Sell ½ Pint of Liquor" (sic). Code Section 2613 prohibits the sale of "intoxicating liquor," not just "liquor," as charged in the affidavit. Several statutes allow amendments to criminal charges for formal defects or defects appearing on the face of the indictment or affidavit. Code of 1942, Sections 2449, 2535. Code Section 1511 provides that the circuit court has full power to allow all amendments to be made "in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors and mistakes in the name of any party or in the form of the action to be corrected * * *." Code Section 2436 provides in part as follows: " * * * nor shall any verdict or judgment be arrested, reversed or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have

been taken advantage of before verdict, and which shall not have been so taken advantage of.''

In Bogle v. State, 155 Miss. 612, 125 So. 99 (1929), Bogle was convicted in the County Court of Lauderdale County of violating the game laws, and by certiorari appealed to the circuit court to determine the validity of the conviction. Bogle claimed that the affidavit charged no offense under the laws of the State. The circuit court's upholding of the conviction was affirmed in this Court. It was held that under Code of 1906, Sections 775 and 1413, which are now Code of 1942, Sections 1511 and 2436, ''The affidavit was subject to amendment if it was insufficient to charge the offense intended to be charged.'' It was then said that ''It only remains to say whether any crime was, or could have been by amendment, charged against the defendant with relation to the acts alleged to have been done by him.'' It was held that under this test, the affidavit would have been amendable, and that the court would not now ascertain whether the county board of supervisors had an ordinance forbidding the charged violation of the game laws.

And so in the present case, appellant pleaded guilty to a sale of ''liquor,'' and the only question is whether any crime could have been by amendment charged against defendant with relation to the acts alleged to have been done by him. The addition of the word ''intoxicating'' would have made out a sufficient affidavit, and under these statutes and that test we think that the affidavit was amendable. Therefore the plea of guilty waived any such defect of form.

For other cases considering amendable affidavits see Hall v. State, 211 Miss. 90, 50 So. 2d 924 (1951); Mays v. State, (February 28, 1953), Miss. Supreme Court Advance Sheet, No. 21, p. 46, 63 So. 2d ........; Wampold v. State, 170 Miss. 732, 155 So. 350 (1934); Sullivan v. State, 150 Miss. 542, 117 So. 374 (1928). These cases hold that if an affidavit is defective on its face, and fails to charge

an offense, the defect must be reached by demurrer. In Sullivan v. State, *supra,* the affidavit charged the defendant with failing to turn a motor truck to the right of the center of the highway on meeting another, but did not refer to the statute nor follow its precise terms. There was no demurrer to it in the circuit court. Appellant argued that the affidavit was void and charged no offense. In affirming the conviction the Court said, after quoting the statute, that "We think it clear from the affidavit that the offense intended to be charged was a violation of this statute." Since the affidavit sufficiently indicated the offense intended to be charged, and the defect was on the face of it, it was amendable, and failure to demur to it constituted a waiver of the defect. A recent decision to that effect is Wiggins v. State, 8 Adv. S. 35, 61 So. 2d 145 (Miss. 1952). The same principles apply to the instant affidavit. The failure to demur to it, and the plea of guilty waived the stated formal defect in it.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Arrington, JJ.,* concur.