SULLIVAN *v.* STATE

No. 41016         December 8, 1958         107 So. 2d 123

*John P. Horan,* Water Valley, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant entered a plea of not guilty to an indictment for burglary. On the day following that of his arraignment, appellant, then being represented by counsel, withdrew his not guilty plea and entered a plea of guilty. He was then sentenced to a term in the penitentiary which was suspended and appellant placed on probation. About five weeks later, appellant violated the terms of probation. Three months after the date of his original sentence, and after the term of court had expired, and in answer to the proceedings to revoke the suspension, appellant filed a motion to allow him to withdraw his plea of guilty and enter a plea of not guilty so as to have a jury trial on the burglary indictment. He said in his affidavit and motion that he was not guilty of burglary.

Appellant testified on the motion and said he was "not himself" when he withdrew his not guilty plea and entered a guilty plea to burglary; that he was 73 years of age, ill and weak, and did not fully realize what was taking place; that his attorney "out-talked him", and he entered the guilty plea because he was advised that it was the easiest and simplest way to settle the matter. But it is clear from his testimony that appellant knew he was pleading guilty, and it was done after a consultation with his attorney; and it further appears that appellant knew that if he "walked the line" he would not have to serve time in the penitentiary.

The trial court properly overruled the motion to allow appellant to withdraw his guilty plea and have a trial before a jury. If appellant had filed the motion

before he was sentenced, or even after sentence but before the term expired, the lower court may have granted the motion under the authority of Deloach v. State, 77 Miss. 691; Daniels v. State, 163 Miss. 245, 140 So. 274; and Pittman v. State, 198 Miss. 797, 23 So. 2d 685, since such motion would have been timely made. But since he waited until after adjournment of the term of court at which he was sentenced and until he was charged with violating the terms of his probation, the motion comes too late. When he made the motion the judgment had become final.

In the Deloach case, the motion to withdraw the guilty plea was made at the same term and the guilty plea was "unadvisedly given". In the Daniels case, the defendant entered the guilty plea without advice of counsel and did not know how to plead self-defense and did not understand the plea which she did enter; the motion appears to have been promptly made at the same term of court at which the guilty plea was made and before the State's witnesses had been discharged; and the court held that the motion to withdraw the guilty plea should have been sustained. And in the Pittman case, the accused had not been sentenced on the guilty plea when, on the next day, he filed his motion to set aside the guilty plea which had been entered before the accused had an opportunity to consult with friends or counsel. These cases relied upon by appellant, and others in the same category, are not in point.

In the present case, the guilty plea was not unadvisedly given, nor was it filed with reasonable promptitude. Appellant had the advantage of counsel and his own testimony shows that he understood the plea.

(Hn 2) An application for relief to withdraw a plea of guilty should be made within a reasonable time. Miles v. Monaghan, Sheriff, 211 Miss. 150, 51 So. 2d 212; Percival v. Holley, Sheriff, 217 Miss. 203, 63 So. 2d 817.

The judgment of conviction on the plea of guilty raises a presumption that the plea of guilty was freely and voluntarily given and that the accused knew and understood the consequences of his act. Bullock v. Harpole, 102 So. 2d 687. Moreover, it is manifest from appellant's testimony on the motion that appellant understood the consequences of his act when, with the advice of counsel, he entered the plea of guilty.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.