THORNHILL *v.* STATE

No. 41763 February 6, 1961 126 So. 2d 527

*Philip Singley, Roy J. Goss,* Columbia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Desolee Thornhill, was indicted at the June term of the Circuit Court of Marion County, Mississippi, for the crime of murder. On the same date the court appointed counsel to represent her and she entered a plea of guilty, and was sentenced to life imprisonment in the State penitentiary. On the last day of the term, on motion of the State, the crime was reduced from murder to manslaughter, to which charge appellant entered a plea of guilty thereto and was sentenced to twenty years in the penitentiary.

After the adjournment of court on July 2, 1960, the appellant employed counsel to represent her, and on July 5, 1960, a motion was filed to withdraw her plea of guilty to manslaughter and for a trial on the merits. On July 8, 1960, the State filed a motion to dismiss the motion filed by appellant on the ground that it had been filed after the adjournment of the regular June term of Court. This motion of the State was sustained by the circuit judge. From this order the appellant appeals.

The appellant contends that she filed her motion to withdraw plea of guilty to manslaughter as soon as it was practical and within a reasonable time. The appellant cites and relies on the cases of Deloach v. State,

77 Miss. 691, 27 So. 619; Daniels v. State, 163 Miss. 245, 140 So. 274, and Pittman v. State, 198 Miss. 797, 23 So. 2d 685. An examination of these cases shows that they are not in point for the reason that the motions were filed during the term of court. The appellant also cites the case of Miles v. Monaghan, Sheriff, 211 Miss. 150, 51 So. 2d 212. This case is likewise not in point. There the appellant had entered a plea of guilty in 1946 and a part of the sentence was suspended on good behavior. In 1949, the district attorney filed a petition to revoke the suspended sentence for the reason that the appellant had failed to live up to the good behavior which was the condition of the suspension. At the hearing the appellant filed a motion to withdraw his plea of guilty, which was overruled. The Court, in disposing of the appeal, said that ''an application to withdraw a plea of guilty should be made within a reasonable time.'' This statement could only mean that it would have to be filed within or during the term of court in which the guilty plea was entered.

In Pittman v. State, 147 Miss. 593, 113 So. 438, the Court said: ''When the term of court was finally adjourned, the appellants' right to file a motion for a new trial ended, and any action of the trial judge in reference to such a motion, which was filed after the adjournment of the term, was of no effect, and is not properly a part of this record.'' Cf. Dobbs v. State, 200 Miss. 595, 27 So. 2d 551; National Casualty Co., et al v. Calhoun, 219 Miss. 9, 67 So. 2d 908.

 █ Since the motion was filed after the adjournment of the regular term of court, the trial judge was without jurisdiction, therefore, this Court is also without jurisdiction, and the appeal is dismissed.

Appeal dismissed.

*Lee, P.J.,* and *Ethridge, McElroy* and *Rodgers, JJ.,* concur.