Shortridge *v.* State

No. 42115          April 16, 1962          140 So. 2d 89

*Fountain D. Dawson,* Greenwood, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

712

McGehee, C. J.

The appellant Linnwood Shortridge was charged with using threatening language over a telephone to Rosie Lee Shortridge in violation of Section 2291.5, Code of 1942, by threatening to do her great bodily harm, and the appellant was tried, convicted and sentenced to pay a fine of $500 and to serve six months in jail. He appeals from that sentence and judgment.

Upon the trial of the case in the Circuit Court of Sunflower County Rosie Lee Shortridge was introduced by the State as a witness for the prosecution. Among other questions she was asked the following, and made the following answer: "Are you or not the former wife of the defendant Linnwood Shortridge? A. Yes, sir." This inquiry was not pursued further and it is assigned here that the trial court erred in allowing this prosecuting witness Rosie Lee Shortridge to testify when the record only shows that she was a former wife (and she is not shown to be the present wife). The record does not show that she was divorced at the time she testified. Moreover, the record is silent as to whether she and the accused had ever been divorced. But it will be noted that she nowhere said that she was the wife of the accused, but merely answered affirmatively when asked if she was his former wife. However, the accused did not object to her testifying. Hence that point can not be considered here for the first time.

Then, too, this affidavit was amendable so as to show the language used by the accused over the telephone, and that point is raised here for the first time. See Perciful v. Holley, 217 Miss. 203, 63 So. 2d 817.

The judgment rendered in the justice of the peace court and from which the appeal was taken to the Circuit Court of Sunflower County, recites that the defendant was tried on a "charge of threatening the life of another", and without-stating who the other person was. The sufficiency of this judgment was likewise not raised until the case reached here on appeal.

The sentence and judgment appealed from must therefore be affirmed.

Affirmed.

*Arrington, McElroy, Rodgers* and *Jones, JJ.*, concur.