MERIDIAN FERTILIZER FACTORY *v.* JOHN C. BUSH ET AL., CLAIMANTS.

1. ATTACHMENT. *Clerk circuit court.* *Code* 1892, §§ 129, 130. *Ib.,* § 142. *Laws* 1896, *p.* 104.

    The clerk of the circuit court of one county is authorized, under code 1892, §§ 129, 130. and 142 as amended (Laws 1896, p. 104), so providing, to take affidavit, approve bond, and issue writ in an attachment returnable to the circuit court of another county.

2. CLAIMANTS' ISSUE. *Evidence.* *Defendant's account books.*

    In the trial of a claimant's issue, where the extent of indebtedness of the defendant in attachment at the time of the controverted sale by him to the claimant is pertinent, the account books of the defendant are admissible in evidence by the plaintiff to show such indebtedness.

3. PEREMPTORY INSTRUCTION.

    Facts of the case examined and held not to justify a peremptory instruction for the claimants.

FROM the circuit court of Noxubee county.

HON. GREEN B. HUDDLESTON, Judge.

The Meridian Fertilizer Factory, the appellant, was the

plaintiff in the court below; Edwards was defendant in attachment, and Bush and others, appellees, were claimants there. The facts are stated in the opinion of the court.

*Miller & Baskin,* for appellant.

The court refused to permit the appellant to introduce evidence to show the insolvency of the grantor in the bill of sale at the time that he made it. The appellant offered to introduce in evidence the books of the debtor to show the amount of his debts, when contracted, and whether paid or not, and upon the objection of the attorneys for the appellees, the court refused to permit such evidence to be introduced.

This court, in the case of *Bernheim* v. *Dibrell,* 66 Miss., 203, has passed upon the question, and has held that it is proper and competent in such cases as this to introduce evidence to the jury tending to show the insolvency of the grantor.

We do not think there is anything in the motion made by the appellees in the lower court to quash the writ of attachment. There is no merit in the motion of the appellees in the lower court to dismiss the claimants' issue, because the writ of attachment was sued out before the clerk of the circuit court of Lauderdale county for a debt not due, returnable to, and levied on property in Noxubee county.

In this case the attachment was for a debt not due, was sued out in Lauderdale county, and was made returnable to, and levied on property in Noxubee county, where the defendant resided.

Under § 142, code 1892, and the amendment thereto (Laws, 1896, p. 104), that was permissible and proper. Before this amendment the writ of attachment for a debt not due was required to be obtained in the county where the debtor resided, or where his property might be found, but by the amendment the provision that the writ should be obtained in the county, etc., was stricken out, and authority granted to obtain the writ in any county, regardless of the residence of the debtor,

or where his property could be found, returnable to the county where he resides or where his property may be found.

*J. E. Rives* and *Edward de Graffenried,* for appellees.

The clerk of Lauderdale county has no authority whatever to issue an original writ of attachment returnable to the circuit court of Noxubee county. The statute does not give him that right, and he could obtain his authority from no other source. We wish to be understood in the outset that we do not rely solely on the ground that the debt was not due at the time of the suing out of the attachment. While we do not think § 142, code 1892, as amended, avoids the force of the decision in the case of *Yale* v. *McDaniel,* 69 Miss., 338, yet should we be mistaken as to the effect of the amendment, we think it could make no difference whether the debt was due or not when the attachment was sued out. Under the authority of *Yale* v. *McDaniel,* supra, the writ would be absolutely void, unless chapter 94 of the acts of 1896 authorizes an officer of a court in one county to issue an original writ returnable to some other court in some other county. This is not authorized by the acts of 1896.

The words, "which attachment shall be issued, executed and returned, and the like proceedings had thereon as in other cases of attachment," in the act of 1896 do not confer such authority, for those words were embraced in § 142, code of 1892, and, besides, they do not authorize any officer to issue such process returnable to any other court than his own.

If we construe the whole attachment law together, it becomes plain that a clerk of a circuit court can only issue writs returnable to his own court.

The books of Edwards would have been, or might have been, competent evidence against Edwards in an issue between him and plaintiff. But on the trial of claimants' issue, with which Edwards had nothing to do, his books were not competent evidence against claimants to prove anything.

TERRAL, J., delivered the opinion of the court.

The appellant sued out an attachment writ on a debt not due, before the circuit clerk of Lauderdale county, returnable before the circuit court of Noxubee county. The chief ground of the attachment was that defendant, Edwards, had assigned his property with intent to defraud his creditors.

Edwards contested the grounds of the attachment, and the issue was found against him, and a final judgment was also rendered against him for the debt due plaintiff.

The claimants also presented an issue alleging the property levied on to be their property. Upon the trial of this issue the plaintiff in attachment offered to introduce in evidence the mercantile books of Edwards to show the number and amounts due from him to his various creditors, and this evidence was rejected by the court. The evidence showed that the claimants bought of the defendant two stocks of goods, costing at invoice prices more than $8,000, at less than one-half of the cost price; that they paid no money, nor passed any acquittances to the defendant in attachment for their claims; that one of the claimants, being the third one in amount, operated an adjoining store to that of the defendant at Shuqualak wrote confidentially to the claimant holding the largest debt to come up on a certain day prepared to do some trading; that two of these claimants were, or had been, clerks of Edwards; that two of the creditors of Edwards, holding the first and third in the amount of their claims, practically made the purchase without consultation with the other claimants; that Edwards had operated his store at Wohalac less than four months from its establishment, and within a month of opening it he began to sell goods at less than cost; that he bought fertilizer ahead of the regular season for buying it, and immediately sold it at less than the cost price, etc., and many other facts which made it necessary to leave the issue, as we think, to the decision of the jury, and yet the court peremp-

torily directed the jury to find the issue for the claimants. Without reciting the evidence, or passing upon its weight, as it must be tried anew, it is sufficient to say that, in our opinion, the plaintiff in attachment should have been permitted to place its contention before the jury, free from any opinion of the court in the premises.

It is said, however, that the attachment writ issued by the clerk of the circuit court of Lauderdale county is void. We think not. Section 129, annotated code, provides, among other things, that the affidavit for an attachment writ may be taken before a clerk of the circuit court, and the last clause of § 130 makes it the duty of the officer taking the affidavit and bond to return the same to the court to which the attachment is returnable. And the fair, direct and necessary implication from these provisions is that the officer taking the affidavit may also approve the bond and issue the writ of attachment. The Act of March 23, 1896, superseding § 142 of the code, provides that an attachment for a debt not due shall be issued, executed and returned as in other cases of attachment (Laws 1896, p. 104).

The books of the defendant, Edwards, through whom the claimants derive title to the stock of goods levied upon, were admissible in evidence, at least to show what other persons were creditors of Edwards, and in what amounts they were such creditors.

*Reversed and remanded.*