CAVES *v.* STATE

No. 42385          December 10, 1962          147 So. 2d 632

*Allen & Patterson,* Brookhaven, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

On February 19, 1962, appellant was indicted for grand larceny, stealing an automobile. He entered a plea of guilty on February 26, 1962, and was sentenced to the penitentiary. On March 2, during the same term of court, but apparently after the juries had been discharged, appellant filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty. This motion was supported by the affidavit of appellant and another. These affidavits stated facts which, if true, justified sustaining the motion. Appellant also made oath he had a meritorious defense.

■■ We state the facts in the light most favorable to the State, since the trial judge overruled the motion.

On April 2, 1960, appellant's wife filed an application to have appellant adjudged a lunatic. Two local physicians were appointed to make an examination and they filed with the chancery court a written report that in their opinion appellant was suffering from a mental

disorder described as schizophrenic (paranoid), and that he was in need of treatment, supervision and control. Appellant was then sent to Whitfield where he stayed a short time. The circumstances under which he was released do not appear in the record.

In September 1961 appellant was arrested on the larceny charge and was released on bond. On the morning of February 26, 1962, appellant was arrested and brought to court.

The district attorney and the county attorney had a very brief conference with appellant in a witness room at the courthouse shortly after appellant was brought there on February 26, 1962. The district attorney asked appellant if he had a lawyer and he said he did not. Appellant was then asked if he wanted a lawyer and he said he did not. The district attorney then told appellant he was charged with the larceny of an automobile belonging to Mr. Gilbert. Appellant stated he wanted to plead guilty. That was all that was said in the conference between the prosecuting attorneys and the appellant.

At the close of the aforementioned conference appellant was brought before the judge and the indictment was read, whereupon the judge said: "How do you plead, guilty or not guilty?" Appellant then entered a plea of guilty. This occurred in the afternoon of February 26th. Appellant was sentenced in the afternoon. During the time intervening between the entry of the guilty plea and passing sentence, appellant talked to the judge several times and told the judge he was drunk when he took the car and all of his troubles came about when he was drinking; that he had stopped drinking, and pleaded with the judge to give him a chance. He also told the judge he had been sent to Whitfield (Insane Hospital), and the judge assumed that appellant had been sent to Whitfield because of alcoholism.

The record shows further without dispute that appellant is totally illiterate, never having attended school nor learned to read or write. The motion should have been sustained. The learned trial judge was in error.

When the accused was arraigned it became the duty of the judge to inquire of the defendant if he had employed or desired to employ an attorney, and to advise the accused of his right to employ counsel. ██ ██ When the plea of guilty was tendered the judge should not have accepted it until (1) he determined that the accused was competent to understand the nature and consequences of the plea; (2) advised accused of his basic rights, and (3) ascertained that the plea was voluntary. Wayne Lambert v. State, No. 42,386, this day decided; Wharton's Criminal Law and Procedure, Vol. 4, pages 767-768, par. 1900; Deloach v. State, 77 Miss. 697, 27 So. 618; Thornhill v. State (Miss.), 126 So. 2d 527. ██ ██ The judge failed to comply with either of the above requirements, the significance of each of which being emphasized in this case by the fact that appellant is totally illiterate and of questionable mental competence.

The duties imposed upon a judge when an accused is arraigned and a plea of guilty is tendered are not burdensome. The law can be fully complied with by a few questions involving very little time.

Reversed and remanded.

*McGehee, C. J., and Kyle, Ethridge and McElroy, JJ.,* concur.