CARTER *v.* STATE.

No. 42664 October 21, 1963 157 So. 2d 47

*William F. Riley, Carl A. Chadwick,* Natchez, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

This is an appeal from an order of the Circuit Court of Adams County, overruling the motion of Otis Carter, appellant, for leave to withdraw his plea of guilty and to substitute a plea of not guilty. He was charged with assault and battery with intent to kill.

The November term of circuit court was for six weeks. Carter was indicted on November 8, 1962. The next day he entered a plea of not guilty. Trial was set for November 15. On that day he appeared before the court, with counsel, and asked leave to withdraw his plea of not guilty and substitute a plea of guilty. This request was granted. Carter was released with bail, to be sentenced during the last week of the term. His then acting attorneys had agreed with the district and county attorneys to recommend to the court a sentence of 18 months.

On November 28 Carter changed attorneys and employed his present counsel, Chadwick and Riley. On December 10, the last week of the November term, they filed for Carter a motion to withdraw his plea of guilty and enter a plea of not guilty. The motion was based principally upon occurrences during the preceding week.

It would serve no purpose to outline in detail those events. The motion to withdraw the guilty plea was sworn to by movant, and had as exhibits affidavits by both of his new attorneys. They had investigated the case. Movant averred a meritorious defense, that he was innocent of the crime charged, because of self defense; that the prosecuting witness had subsequently stated that it was his fault and he did not want to prosecute any charges; and that since his plea of guilty, Carter had discovered a witness, who could not be found before that time upon diligent inquiry, who substantiated his version of what had occurred. On Wednesday, December 5, the fifth week of the term, the circuit judge

told Riley that a jury would be called for the sixth week of the term. The county attorney advised defendant's counsel that the state would accept a change of plea provided it was entered by Friday or Saturday of the fifth week.

On that Saturday the county attorney advised Chadwick that he would discuss the matter with the district attorney, and would see him Monday morning in circuit court. Both state's and defendant's counsel appeared before the circuit court Monday morning of the sixth week. At that time the circuit judge announced that events had transpired since the previous Wednesday which would not warrant the calling of a jury for the sixth week of the term, and "for that reason he would not accept a change of plea." The circuit court declined to call a jury for the following Thursday, or to transfer the case to the county court for trial, at defendant's request.

At the hearing on December 12, Wednesday, the district attorney dictated into the record an answer to defendant's motion to change plea, which did not deny the foregoing circumstances alleged in the motion and affidavits of defendant's counsel, but relied principally on the fact that on November 15 with prior counsel defendant changed his plea to guilty. Hence the circuit court overruled the motion, stating the case had been set for trial on November 15, when with counsel defendant changed his plea to guilty. The court sentenced defendant to 18 months.

 █ It is within the sound judicial discretion of the trial court to deny the withdrawal of a plea of guilty. █ Before refusal can be reversible error, an abuse of this judicial discretion must be shown. █ Trial judges are vested necessarily with a wide discretion in passing upon such motions, in the control of their dockets, and the administration of cases before the court. However, there is another equally important aspect of

this question, which was defined in the leading case of Deloach v. State, 77 Miss. 691, 27 So. 618 (1900), in this way:

". . . the defendant should be permitted to withdraw his plea of guilty, when unadvisedly given, where any reasonable ground is offered for going to the jury. This is a matter within the discretion of the court, but a judicial discretion which should always be exercised in favor of innocence and liberty. All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits if possible." See Lambert v. State, 147 So. 2d 480 (Miss. 1962); Caves v. State, 147 So. 2d 632 (Miss. 1962).

The principal reason for denying appellant's motion to withdraw his plea of guilty was the fact that, subsequent to Wednesday of the fifth week of the term, circumstances changed so that the circuit judge had decided not to use the jury during the sixth week. In the meantime, appellant's new counsel had obtained additional evidence in his defense, and had an agreement with the state's attorneys that they would agree to and recommend a change of plea. Primarily because of the court's decision not to utilize a jury during the sixth week, the circuit court overruled the motion to change the plea.

All of these circumstances would indicate that the court should have exercised a judicial discretion in favor of allowing appellant a hearing upon the merits of the charge against him. New counsel had a good faith mistake or misunderstanding with the state's attorneys. See Kennard v. State, 240 Miss. 488, 127 So. 2d 848 (1961). Appellant's counsel acted in good faith, and promptly made a motion to permit withdrawal of the plea. The state was not prejudiced. It was an abuse of discretion to overrule the motion. The trial court should have sustained it and should have continued the case until the next term, or tried it that week, or transferred

it to the county court for trial. Accordingly the order overruling appellant's motion for leave to withdraw his plea of guilty and substitute a plea of not guilty, and the sentence of the trial court, are reversed. Judgment is rendered here sustaining that motion, and the cause is remanded for further proceedings.

Reversed, judgment rendered setting aside sentence and sustaining motion to withdraw plea of guilty and substitute plea of not guilty, and remanded for further proceedings.

*McGehee, C. J., and Kyle, Gillespie and Brady, JJ.,* concur.