INZER, Justice.
The only question involved on this appeal is whether the trial court abused its judicial discretion in overruling appellant’s motion to withdraw his plea of guilty after he had entered a plea of guilty and had been duly sentenced. We hold that it did not and affirm.
Appellant, James Richard Debrow, was arrested on January 28, 1969, on a charge of possession of marijuana. A few days later he was released on bond to await the action of the grand jury. On March 4, 1969, he was indicted by the grand jury of Forrest County and on the following day he was arraigned and entered a plea of guilty to the possession of marijuana. Appellant admits that before the trial court accepted his plea of guilty, the court made full inquiry as to whether appellant knew and understood his right to a lawyer and a right to have a jury trial. The court also ascertained that appellant knew and understood the charges against him and understood the effect of his plea of guilty. Appellant admits that he told the court that his plea was free and voluntary and that his plea was not induced by promises by anyone as to what sentence would be imposed. He admits that he also told the *713 court that the plea of guilty was made for no other reason than that he was guilty of the charge. After his plea of guilty was accepted, sentence was deferred until March 21, 1969, at which time he was sentenced to serve a term of three years in the State Penitentiary.
On the following day appellant having then employed counsel, filed a motion asking the court to allow him to withdraw his plea of guilty and set aside the sentence and that he he allowed to enter a plea of not guilty. As grounds for his motion he alleged that the county attorney told his father that if appellant would plead guilty, not employ an attorney, and cooperate fully with the police department, he would get a light sentence, but that if he did not cooperate as suggested and elected to employ an attorney and have a jury trial appellant would get at least three years in the State Penitentiary. It was also charged that appellant’s father told appellant what the county attorney had said and appellant elected to go along with the deal; that thereafter he had cooperated with the police in attempting to catch certain persons wanted by the police in connection with the marijuana operations. Appellant alleged that he did not employ counsel to advise him because of the advice given by the county attorney and that since he had been sentenced, he had been advised by his attorney that he had a meritorious defense to the charge against him.
The trial court conducted a full eviden-tiary hearing on the motion. Appellant, his father and brother testified in support of the motion. Their testimony to an extent supported the allegations of the motion, but the county attorney testified and his testimony wholly refuted the allegations of the motion. After hearing and considering the evidence, the trial court overruled appellant’s motion.
The only error assigned on this appeal is that the trial court was in error in overruling appellant’s motion to change his plea from guilty to not guilty. The record reflects that appellant was twenty-four years of age at the time of the hearing. He is a high school graduate and had attended college for one year. The record also reflects that appellant knew and was fully advised and understood from the outset that he was entitled to a lawyer and that if he was not able to employ one the court would appoint one for him at no expense to him. The question of whether the county attorney induced him not to employ counsel or to refrain from asking the court to appoint one for him and to enter a plea of guilty was a factual one for determination by the trial court. The trial court decided this issue and we cannot say that the evidence does not support its findings. The law is well settled in this state that it is within the sound judicial discretion of the court to deny the withdrawal of a plea of guilty. Especially is this true when the motion is made after sentence has been imposed. In Carter v. State, 247 Miss. 590, 157 So.2d 47 (1963) we said:
It is within the sound judicial discretion of the trial court to deny the withdrawal of a plea of guilty. Before refusal can be reversible error, an abuse of this judicial discretion must be shown. Trial judges are vested necessarily with a wide discretion in passing upon such motions, in the control of their dockets, and the administration of cases before the court. However, there is another equally important aspect of this question, which was defined in the leading case of Deloach v. State, 77 Miss. 691, 27 So. 618 (1900), in this way:
“ * * * the defendant should be permitted to withdraw his plea of guilty, when unadvisedly given, where any reasonable ground is offered for going to the jury. This is a matter within the discretion of the court, but a judicial discretion which should always be exercised in favor of innocence and liberty. All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits if possible.” See Lambert v. State, 245 Miss. *714 227, 147 So.2d 480 (Miss.1962); Caves v. State, 244 Miss. 853, 147 So.2d 632 (1962).
Appellant’s plea in this case was not unadvisedly given and we cannot say that the trial court did not exercise judicial discretion in overruling the motion.
For the reasons stated, this case is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.