521 So.2d 1274 (1987)
John M. WELLS
v.
STATE of Mississippi.
No. 57296.
Supreme Court of Mississippi.
December 2, 1987.
Rehearing Denied April 6, 1988.
Phil R. Hinton, Wilson & Hinton, Corinth, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, concerning first degree arson, comes to the Court from the Circuit Court of Tishomingo County, which, upon conviction, sentenced John M. Wells to five years in prison. We affirm.
On September 6, 1984, at approximately 3:30 p.m., fire totally destroyed a house, owned by John M. Wells, appropriately located just south of Burnsville. Wells attributed the loss either to a kitchen fire, since the stove was then in use, or to burning leaves. Thereafter, Wells made a claim against his insurance carrier, seeking $51,500 as damages to his house and its contents. Wells had purchased a homeowners policy the preceding month, replacing his builder's risk policy.
At trial, an expert witness, who had investigated the scene, testified that the fire had been set. He also noted that the house had lacked floor coverings, dry wall insulation, drains, interior plumbing, a septic tank, and electrical wiring, concluding that the dwelling was "merely a shell." Additionally, the expert witness found no evidence of some items present on the inventory list, submitted by Wells to the insurer, though they should have survived the conflagration.
Meanwhile, Wells' expert witness testified that he was unable to conclude from the evidence that the fire was set. Wells' contractor also testified that the house was "ninety-five percent complete" and full of furniture.
Finally, a neighbor testified that Wells had never moved into the house, though this is contrary to Wells' signed statement given the insurance adjuster.

I.
Initially, Wells contends that the trial court erred, when it admitted into evidence certain testimony in violation of Unif.Crim. R.Cir.Ct.Prac. 4.06. We disagree.
At trial, Wells objected to testimony given by Danny Bullard, Wells' insurance agent, who, quoting Wells, stated that the fire perhaps resulted either from his cooking on the stove or from his leaf burning. In particular, Wells argued that the State had failed to provide the defense with the remarks in violation of Rule 4.06.
*1276 Bullard's account is entirely consistent with Wells' statement to his insurer, admitted into evidence without objection. It is neither an admission of guilt nor contrary to an asserted defense. Previously, the Court has held that the State's failure to "disclose an oral statement by a defendant which was neither an admission of guilt nor inconsistent with his asserted defense was not reversible error even though there was a violation of Rule 4.06... ." Boches v. State, 506 So.2d 254, 262 (Miss. 1987). See also, Moore v. State, 508 So.2d 666, 668 (Miss. 1987), McKinney v. State, 482 So.2d 1129, 1130 (Miss. 1986), Buckhalter v. State, 480 So.2d 1128, 1129 (Miss. 1985).
Relatedly, Wells contends that the trial judge erred when he allowed the State to introduce an expert's testimony, where it had failed to provide the defense with a copy of the expert's full report. Rather, two days before the trial, Wells received a copy of the expert's conclusion, drawn from only one page of the report.
Previously, this Court has reversed convictions, where the State surprised a defendant at trial with previously undisclosed lab reports. Acevedo v. State, 467 So.2d 220, 224 (Miss. 1985); Harris v. State, 446 So.2d 585, 588-9 (Miss. 1984). Alternately, where there was no unfair surprise, the previously undisclosed reports did not necessarily dictate a reversal. Jones v. State, 481 So.2d 798, 802-3 (Miss. 1985).
Here, the defense attorney initially objected to the expert's testimony; yet, during the course of the testimony, he withdrew the objection. Perhaps, he agreed that the testimony was admissible. Perhaps, he recalled the report from an inspection of his client's file at the district attorney's office. Perhaps, he sought an advantage, relating to his contention that Wells had not committed first degree arson, regardless of his crime. See, Sections II and III. Whatever the reason, he cannot complain on appeal, having withdrawn the objection at trial.

II.
Next, Wells argues that the trial judge erred when he permitted the State to prove the elements of Miss. Code Ann. § 97-17-11 (1972), which reads,
Any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who causes to be burned or who aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person, company or corporation against loss or damage by fire, shall be guilty of a felony and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years.
Wells maintains that such proof was inadmissible since it related to a crime other than the crime charged. Specifically, he denies that his attempt to defraud an insurer, § 97-17-11, was probative of first degree arson, Miss. Code Ann. § 97-17-1 (1972). We disagree.
In Weaver v. State, 497 So.2d 1089, 1093 (Miss. 1986), where the appellant, advancing the same argument, urged that the evidence, admitted at trial, impermissibly spoke both to his attempt to defraud an insurer and second degree arson, Miss. Code Ann. § 97-17-5 (1972), the Court stated, "That [§ 97-17-11] might also have covered and made unlawful the conduct of Weaver does not preclude his being charged under [§ 97-17-5]."
Weaver's appellant also objected to the introduction of evidence concerning insurance. Writing for the Court, Justice Robertson commented,
To be sure, our law on occasion forbids evidence regarding insurance where such is not deemed relevant to the issues being tried. (Citations omitted). It is not clear however, how that premise might apply here where, as indicated above, the insured property arson statute has been regarded at least by our legislature as being a less serious offense than second degree arson.
Id.
Previously, the Court has held that proof of insurance is probative of the defendant's *1277 intent to burn property under § 97-17-11, Brower v. State, 217 Miss. 425, 433, 64 So.2d 576, 579 (1953). Similarly, proof of insurance is probative of the defendant's intent to burn property under § 97-17-1. See, Ellis & Williams, Miss. Evidence, § 5-1.

III.
Finally, Wells maintains that the trial judge erred when he refused to grant a directed verdict, peremptory instruction or acquittal notwithstanding the verdict. We disagree.
Wells' indictment charged that he "did willfully, feloniously, and maliciously set fire to and burn a dwelling house, the property of said John Wells ..." pursuant to § 97-17-1 (1972), which reads,
Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.
Wells contends that the house was not his dwelling, pointing to testimony from the State's witnesses, which held that the house had been a "shell," and that Wells had never moved there. Yet, this contradicts the testimony of Carroll Stricklen, Wells' building contractor, who testified that the house was "ninety-five percent complete." It also contradicts Wells' own statement to his insurer, admitted without objection, in which he called the house his "home," adding, "We moved into the house about the first of August, 1984."
Next, Wells argues that there was no evidence indicating that he "willfully and maliciously" set the fire. In response, the State quotes Jackson v. State, 254 So.2d 876, 879 (Miss. 1971), which says that "intent may be determined from the acts of the accused and his conduct, and that inferences of guilt may be fairly deducible from all the circumstances." The State then notes testimony that (1) Wells lived in the house, (2) while Wells was present, a neighbor heard a "racket" at the house, preceding the fire by approximately one hour, (3) the fire was set, using "some sort of distillate, kerosene or gasoline," (4) Wells acknowledged in his statement to the insurer that he had left after the fire started for the purpose of reporting it to the fire department; however, it was developed that he was not at the location where he allegedly went to make the report; (5) the house was "merely a shell", and (6) there was no evidence to show the presence of some items claimed by Wells, which should have survived the fire.
As noted above, the trial judge refused Wells' motion for a directed verdict and peremptory instruction. In Barker v. State, 463 So.2d 1080, 1082 (Miss. 1985), the Court stated,
In passing upon a motion for directed verdict or peremptory instruction, courts must assume that all evidence for the state is true and that all reasonable inferences that may be drawn from the evidence are true and, if from all the testimony there is enough in the record to support a verdict, the motion should be overruled.
See also, Harper v. State, 463 So.2d 1036, 1039-40 (Miss. 1985); Thompson v. State, 457 So.2d 953, 955 (Miss. 1984). Here, there was sufficient evidence to support the verdict.
The trial judge also rejected Wells' motion for acquittal notwithstanding the verdict, alleging that it was against the overwhelming weight of the evidence. In Dickerson v. State, 441 So.2d 536, 538 (Miss. 1983), the Court outlined the scope of its review for such an assignment of error:
Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that on the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find *1278 beyond a reasonable doubt that the defendant was guilty.
See also, McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987); Neal v. State, 451 So.2d 743, 758 (Miss. 1984); Bullock v. State, 447 So.2d 1284, 1286-87 (Miss. 1984); Gandy v. State, 438 So.2d 279, 285 (Miss. 1983); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). Again, there was sufficient evidence to support the jury's verdict.
Finding no other error, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ. and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCARRO, JJ., concur.