# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KA-00029-SCT

*CHARLES HARRIS, JR. a/k/a CHARLIE HARRIS, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICIA C. CHAMPAGNE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Charles Harris, Jr., was indicted on June 16, 1989, for the murder of Sylvia Reddix and for the aggravated assault of George Grey. On November 20, 1989, Harris appeared with appointed counsel in the Circuit Court of Harrison County before the Honorable Kosta N. Vlahos to enter his pleas of guilty to both charges. He was prepared to enter his pleas based upon a recommendation of sentence by the District Attorney which would have amounted to 25 years on the murder and 10 years on the aggravated assault, to run consecutively. During the plea proceeding, Judge Vlahos asked the attorneys to provide him with the range of sentence for murder. Neither attorney appeared to be sure what the correct range of sentence was. Without resolving that question on the record, the court took a recess. After the recess, the State moved the court to reduce the charge of murder to manslaughter, and recommended that Harris be sentenced to 20 years on that charge consecutive to 20 years on the aggravated assault charge. Thereafter, Harris was questioned by the court and entered his guilty pleas. He was then sentenced to the term recommended by the State.

On May 10, 1991, Harris filed his Petition for Post-Conviction Collateral Relief in which he sought to have his guilty pleas, convictions, and sentences set aside. He argued that his guilty pleas were neither intelligently, knowingly, nor voluntarily made. He also argued that he was denied due process of law at the sentencing hearing and that he received ineffective assistance of counsel. An evidentiary hearing was conducted on the motion on August 29, 1992. Judge Vlahos entered his order denying relief to Harris on June 30, 1995. It is from this order that Harris appealed to this Court assigning the following as error:

**I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT EXPLAINING TO APPELLANT HIS CONSTITUTIONAL RIGHTS.**

**II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT ASCERTAINING FROM APPELLANT THAT HE UNDERSTOOD HIS CONSTITUTIONAL RIGHTS AS TOLD HIM BY HIS ATTORNEY, AND BY NOT ASCERTAINING THAT HE WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVING THOSE RIGHTS.**

**III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT DISCUSSING WITH APPELLANT THE ELEMENTS OF THE REDUCED CHARGE OF MANSLAUGHTER AND BY NOT ADVISING APPELLANT THAT THERE WERE DIFFERENT MANSLAUGHTER STATUTES WHICH CONTAINED DIFFERENT ELEMENTS OF PROOF AND SENTENCING OUTCOMES.**

**IV. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE ENTIRE SENTENCING HEARING.**

## DISCUSSION OF LAW

### I. and II.

These two issues are discussed in conjunction with one another as they both pertain to the voluntariness of Harris's plea. Harris first alleges that his plea was not voluntary because his attorney represented to him that he would receive a minimal sentence.

At his plea hearing, Harris was originally going to plead guilty to murder and aggravated assault. His understanding at that time was that the State would recommend a sentence of 25 years on the murder charge and 10 years on the aggravated assault charge, to run consecutively. However, a recess was taken at the plea hearing and, apparently, discussion was had between the State and Harris and his attorney concerning reducing the murder charge to a charge of manslaughter.

When court reconvened, the State recommended that Harris be sentenced to 20 years on the manslaughter charge and 20 years on the aggravated assault charge, to run consecutively. Harris expressed to the trial judge that he understood that the charges had been amended. Harris said that he was ready to plead guilty to manslaughter and aggravated assault. He said that he had discussed the plea with his attorney and his family. Harris, who was illiterate, said that his attorney had gone over the new Petition to Plead Guilty with him, and that all of his constitutional rights had been explained to him. The Court reiterated the recommendation of the State to Harris, and he said that he

understood that the recommendation was for a 40-year sentence.

At the plea hearing, there was some confusion as to the maximum sentence which Harris could receive on the charge of manslaughter. Harris's attorney believed the maximum to be 30 years. The judge correctly stated the maximum as 20 years. Harris now complains because this sentence was five years longer than the 35 years, he was going to plead to on murder and aggravated assault. He complains that his attorney told the court that Harris wanted to "at all possible limit as much as he can has exposure, that is, to the potential time he may serve in the penitentiary." He contends that his sentencing exposure was increased instead of decreased.

Because of his attorney's confusion over the maximum sentence for manslaughter, and because his attorney misstated the law to him on the maximum, Harris alleges that his plea was involuntary. He cites this Court's decisions in *Sanders v. State,* 440 So. 2d 278 (Miss. 1983), and *Baker v. State,* 358 So. 2d 401 (Miss. 1978), to support his position. Harris argues that *Sanders* stands for the proposition that where an attorney represents to the defendant that he will receive a minimal sentence, the attorney's advice may render the plea involuntary. The situation in this case is not the type of situation contemplated in *Sanders* that might render a plea involuntary. *Sanders* contemplated a situation in which a defendant is told by his attorney that he will receive a specified number of years if he pleads guilty, the defendant relies upon that advice in pleading, and then is sentenced to some number of years more than that specified. *Id.* at 283.

In the case *sub judice,* Harris does not allege that his attorney represented to him that he would receive a specified minimal sentence. Harris affirmatively responded that he recognized that the State was recommending 40 years. The trial judge even told Harris that "you ought to be mentally prepared to serve 40 years if I follow their recommendation".

Citing *Baker,* Harris alleges that the mistaken advice of his attorney as to the maximum for manslaughter, should render his plea involuntary. In *Baker*, this Court said that mistaken advice by an attorney to a defendant that he could receive the death penalty if convicted at trial "indicates the defendants were not fully aware of the implications of their plea nor of the consequences of a trial by jury." *Id.* at 403. It is true that Harris's counsel was confused as to the maximum for manslaughter, however the trial judge correctly stated the maximum. This was sufficient to render the plea voluntary. *Gardner v. State,* 531 So. 2d 805, 809-810 (Miss. 1988).

Harris also alleges that the trial judge failed to explain to him the constitutional rights he was waiving and to ascertain from Harris that he understood those rights. Due to this failure on the part of the trial court, Harris claims that his pleas were involuntary. Harris cites this Court's decision in *Caves v. State,* 147 So. 2d 632 (Miss. 1962), to support his position. In that case, a defendant who was not represented by counsel, and who was illiterate and of questionable mental competence, plead guilty to grand larceny. This Court found that the failure of the judge to advise the defendant of his basic rights, and to determine that he was competent to understand the consequences of his plea, and to ascertain that the plea was made voluntarily, was reversible error. This Court found that the illiteracy and possible incompetency of the defendant emphasized the trial judge's failure. *Id.* at 633.

Harris was represented by counsel and does not put at issue his mental competence. He argues that due to his illiteracy, limited education (third grade), and the misstatement of the law by his attorney, the trial court should have made independent findings on the record that Harris understood his

constitutional rights as explained to him by his attorney.

The State argues that Harris told the court that his attorney had gone over the entire Petition to Plead Guilty with him, and specifically that he understood his constitutional rights. Further, Harris's counsel told the court that he had advised Harris of his constitutional rights and that he was satisfied that Harris understood those rights. The State contends, citing *Gaskin v. State,* 618 So. 2d 103, 107-108 (Miss. 1993), that where the record shows that the defendant received adequate advice from other sources, there is no reversible error in the failure of the trial judge to orally ask all of the questions himself at the plea hearing. *See also Vittitoe v. State,* 556 So. 2d 1062, 1064-1065 (Miss. 1990) (where the Court indicated that the failure of the judge to inform a defendant of sentencing requirements may be rebutted by evidence that the defense counsel informed the defendant of such requirements or that defendant had received such information from other sources).

The trial court in this case held an evidentiary hearing on Harris's Petition for Post-Conviction Collateral Relief. This Court will not set aside the findings of the trial court sitting without a jury unless such findings are clearly erroneous. *Merritt v. State,* 517 So. 2d 517, 520 (Miss. 1987). At the evidentiary hearing, Harris did not put on any evidence, but instead relied on the transcript from the plea hearing and arguments of counsel. The trial judge found that Harris had been fully advised of his constitutional rights by the court, his attorney, and by the Petition to Plead Guilty.

Harris has failed to include the Petition to Plead Guilty on appeal. The burden rests on the Appellant to see to it that the record contains all data essential to an understanding and presentation of matters relied upon for reversal. *Shelton v. Kindred,* 279 So. 2d 642, 644 (Miss. 1973). This Court must confine itself to what appears in the record. "It must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view." *Id.* at 644.

The record in this case does not support the view that Harris's plea was involuntary due to the trial court's failure to question Harris orally about each individual constitutional right that he was waiving by pleading guilty. The record shows that Harris told the court that his attorney had read the Petition to Plead Guilty to him, and that he understood his constitutional rights. Harris's attorney told the court that he had read the petition to Harris and that he was satisfied that he understood his constitutional rights. The failure of the trial judge to explain each individual constitutional right waived, on the record, does not render Harris's plea involuntary. *See State v. Pittman,* 671 So. 2d 62, 65 (Miss. 1996) (where this Court found that even if the trial court was required by the guilty plea rule to ask the defendant, question by question, whether defendant understood the rights he was waiving by pleading guilty, any error was harmless, where defendant signed petition indicating he understood all rights he was waiving, and the consequences of his pleas).

Rule 8.04 of the Uniform Circuit and County Court Rules provides:

> 4. *Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:

> a. That the accused is competent to understand the nature of the charge;

b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;

c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; . . .

The trial judge fully complied with the guilty plea rule. He personally inquired and determined that Harris understood that he was waiving his constitutional rights. That is all that is required. This assignment of error is meritless.

### III.

Harris next alleges that his plea was not voluntary because the trial judge did not advise him of the elements of the crime of manslaughter or that there are different manslaughter statutes which contain different elements of proof and sentencing outcomes.

It is true, in this case, that the trial judge did not personally and orally explain to Harris the elements of manslaughter. Harris argues that there is nothing in the record to indicate that he knew or understood the elements of manslaughter prior to the court accepting his guilty plea.

The State argues that Harris acknowledged that he and his attorney had prepared a new Petition to Plead Guilty to manslaughter and that his attorney had gone over it with him. Presumably, the State is arguing that the elements of the crime would have been set out in the petition. However, Harris has failed to include the petition on appeal, and as such this Court is unable to consider it. Again, the State argues that Harris failed to put on any evidence at the evidentiary hearing on this claim. The State urges that it should be presumed that Harris had no testimony to give in support of his claim.

This Court made it clear in *Gilliard v. State,* 462 So. 2d 710, 712 (Miss. 1985), that a defendant must be apprised of the elements of the offense that he is pleading guilty to. However, this Court in *Gaskin v. State,* 618 So. 2d 103, 107 (Miss. 1993), said that "the failure of the court to advise Gaskin of the elements of the charges to which he pled is harmless error if it can be shown that prior to the court's acceptance of Gaskin's plea, he had already been advised through other sources of the critical elements of the offenses he was charged with." In that case, the other source through which the Court found Gaskin had been advised of the elements of the crime, was the information. *Id.* at 107.

In the case *sub judice*, Harris has not included the Petition to Plead Guilty nor an amended indictment. He only includes the original indictment which sets out the elements of murder and aggravated assault. The Petition to Plead Guilty or the amended indictment would probably have contained the elements of manslaughter. It appears that it did considering the argument of the State at the evidentiary hearing. However, this Court has no way of knowing that. It would not be fair or wise for this Court to allow Harris to reap the benefit of designating an incomplete record. The trial judge found that Harris had entered his plea knowingly, intelligently, and voluntarily. This finding is presumed correct because the actual record does not present a contrary view. *Shelton, supra.* This assignment of error is meritless.

Harris also asserts that he was not advised that there were other manslaughter statutes with different elements and sentencing outcomes that he could have been charged under. He, however, makes no argument concerning this assignment of error and cites no authority in support of it in his brief. This Court will not consider this assignment of error. *Clark v. State,* 503 So. 2d 277, 280 (Miss. 1987).

## IV.

Harris's final assignment of error is that he was denied effective assistance of counsel throughout the sentencing hearing. He asserts that it was ineffective for his attorney to misstate the law on the maximum sentence for manslaughter. He contends that his attorney allowed him to go ahead and plead guilty without resolving the question of the maximum sentence. As such, he plead to the maximum sentence on manslaughter and aggravated assault.

Harris cites no authority for his contention that this constitutes ineffective assistance of counsel. This assignment of error will not be reviewed by this Court. *Clark, supra.* Furthermore, at the evidentiary hearing Harris withdrew this allegation. As such, he may not now complain on appeal. *Wells v. State,* 521 So. 2d 1274, 1276 (Miss. 1987).

At any rate, Harris cannot meet the test set out in *Strickland v. Washington,* 466 U.S. 668 (1984) to prove ineffective assistance. The test to be applied is: (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Cole v. State,* 666 So. 2d 767, 775 (Miss. 1995). It cannot be said that Harris's counsel's performance was deficient overall, simply because he misstated the maximum sentence for manslaughter. Even is this misstatement could be viewed as deficient performance, Harris has not shown prejudice, or in other words, that but for this misstatement he would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). This is especially true in light of the fact that the trial judge correctly stated the maximum sentence for manslaughter. This assignment of error is meritless.

## CONCLUSION

The order of the trial court denying Harris's request for relief pursuant to the Post-Conviction Collateral Relief Act is affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**


**PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**